HAMLIN, Justice:
 

 Defendant appeals to this Court from his conviction of the offense of Simple Escape, LSA-R.S. 14:110, and his sentence to serve five years in the Louisiana State Penitentiary.
 
 [1]
 

 Presented for our determination is one bill of exceptions reserved prior to trial.
 

 The record contains the following stipulation of facts:
 

 “1.
 

 “On or about October 29, 1962, Earl Dupree, defendant herein, was sentenced to a term of nine years at hard labor, after conviction for simple burglary in the Nineteenth Judicial District Court for the Parish of East Baton Rouge.
 

 “2.
 

 “On or about December 17, 1962, defendant was transferred to Louisiana State Penitentiary at Angola, Louisiana, whereupon he began serving his sentence.
 

 
 *149
 
 “3.
 

 “On or about May 16, 1963, defendant was reported missing from the premises of Louisiana State Penitentiary, and from custody there, and his whereabouts could not. be determined by law enforcement authorities.
 

 “4.
 

 “On or about November 5, 1963, defendant was arrested in Warren County, in the City of Vicksburg, Mississippi, on a charge of grand larceny.
 

 “5.
 

 “On January 2, 1964, extradition proceedings were begun in Louisiana for the return of the defendant from Mississippi. Subsequently a warrant for extradition was signed by the Governor of the State of Mississippi; however, this warrant was never forwarded to the Warren County sheriff’s office for execution.
 

 “6.
 

 “On July 24, 1964, defendant was sentenced by the court in Warren County, Mississippi to a term of five years imprisonment for grand larceny.
 

 “7.
 

 “Defendant served this sentence at Mississippi State Penitentiary at Parch-man, Mississippi, until his discharge on August 17, 1968.
 

 “8.
 

 “During June, 1968, extradition proceedings were instituted in Louisiana against the defendant, and a warrant for extradition, along with supporting documentation, was forwarded to the Mississippi Attorney General’s Office on June 24, 1968.
 

 “9.
 

 “On August 17, 1968, defendant was returned as a prisoner to Louisiana State Penitentiary at Angola, after being released from Mississippi State Penitentiary into the custody of officers from Louisiana State Penitentiary.”
 

 BILL OF EXCEPTIONS NO. 1.
 

 Bill of Exceptions No. 1 was reserved when the trial court overruled defendant’s motion to quash the bill of information filed against him.
 

 The motion to quash averred that the time limitation for the commencement of trial of the defendant for the offense charged against him had expired under the terms of Article 578 of LSA-C.Cr.P., which recites:
 

 “Except as otherwise provided in this Chapter, no trial shall be commenced:
 

 “(1) In capital cases after three years from the date of institution of the prosecution ;
 

 
 *151
 
 “(2) In other felony cases after two years from the date of institution of the prosecution; and
 

 “(3) In misdemeanor cases after one year from the date of institution of the prosecution.
 

 “The offense charged shall determine the applicable limitation.”
 

 Article 579 of the Code of Criminal Procedure provides that the period of limitation established by Article 578, supra, shall Le interrupted if:
 

 “(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
 

 “(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state.
 

 “The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists.”
 

 Defendant contends herein that Article 579, supra, does not apply to him, the time limitation for commencement of his trial for simple escape having expired no later than November 5, 1965, two years after he had been jailed in Mississippi. He urges that he was not a fugitive from justice after his arrest in Mississippi on November 5, 1963, and that his presence for trial could have been obtained by legal process through extradition. He further urges that the State of Louisiana had an affirmative duty to seek his return to Louisiana for prosecution; he still further urges that for policy reasons, detention in an out-of-state prison should not operate automatically to interrupt the prescription against commencement of criminal trials.
 

 The State concedes that unless the limitation established by Article 578, supra, was interrupted by a provision of Article 579, supra, the time for trying the defendant for the 1963 charge of simple escape expired and that defendant’s motion to quash should prevail. It urges that the interruption of the statute of limitation in this case began when the defendant fled to Mississippi, and that the question of whether or not Louisiana authorities could have returned the defendant to Louisiana before he served his Mississippi sentence is irrelevant. It contends that the period of limitation herein was definitely interrupted and that prescription did not begin to run anew when defendant was confined in Mississippi in 1963.
 

 The question of the interruption of prescription vel non where there has been an escape from the Louisiana State Penitentiary and a subsequent confinement under sentence in a second state is res nova
 
 *153
 
 under the new Code of Criminal Procedure of Louisiana. For reasons set forth infra, we hold that the period of limitation for the commencement of criminal trials under a charge of escape is interrupted when an escapee is tried, convicted, and sentenced in a second state, and neither the State of Louisiana nor the defendant make any effort to bring the charge of escape to trial while the accused is incarcerated in the prison or penitentiary of the second state.
 

 From the facts supra, we note that the defendant escaped from the Louisiana State Penitentiary on or about May 16, 1963. The bill of information charging him with simple escape was filed on October 11, 1963. Extradition proceedings were commenced on January 2, 1964, but were never consummated. Defendant was arrested in Vicksburg, Mississippi, on or about November 5, 1963; on July 24, 1964, he was sentenced to a five year term of imprisonment in Mississippi. He was returned to the Louisiana State Penitentiary on August 17, 1968; the motion to quash was heard on April 21, 1969; trial was had on April 24, 1969, and the instant sentence was imposed on June 20, 1969.
 

 It is not for us to say whether the State of Louisiana should have pursued the prosecution of defendant for the offense of simple escape. Under the circumstances herein, it was within the discretion of the District Attorney or the Attorney General to bring about the return of defendant for trial of the offense charged. LSA-C.Cr. P., Art. 275. (At the time of escape, defendant had not served a complete year on a nine year burglary sentence.)
 

 Defendant was entitled to a speedy trial for the offense of escape. Art. I, Sec. 9, La.Const. of 1921. However, he himself made no demand for such, nor did he request extradition; it follows therefore that there was no denial of a speedy trial nor a circumvention of one.
 

 Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607, affirmed Klopfer v. North Carolina, 386 U.S. 213,
 
 87
 
 S.Ct. 988, 18 L.Ed.2d 1, which held that, by virtue of the Fourteenth Amendment, the Sixth Amendment right to a speedy trial is enforceable against the State as one of the most basic rights preserved by the Constitution of the United States. In the Smith case, the defendant was incarcerated in a federal penitentiary; he made repeated requests for a Texas trial on a charge of theft. The United States Supreme Court held that the Sixth Amendment right to a speedy trial may not he dispensed with lightly, and that upon defendant’s demand Texas had a constitutional duty to make a diligent, good-faith effort to bring him before the Harris County court for trial. As stated supra, defendant herein made no such demand.
 

 
 *155
 
 “* * * The only remaining question relates to the delay in fixing the case for trial; but if the argument now presented by the counsel for defendant be sound it would follow that where an accused person fails to take the steps necessary to the securing of a speedy trial, and the prosecuting officer, for reasons which if put to the test would be found insufficient, fails to set the case for trial within a reasonable time, such accused cannot thereafter be tried and convicted — a conclusion the correctness of which cannot be conceded.” State v. Banks, 111 La. 22, 35 So. 370. Cf. State v. White, 247 La. 19, 169 So.2d 894; State v. Frith, 194 La. 508, 194 So. 1.
 

 We find that when defendant escaped from the Louisiana State Penitentiary, he fled from the State of Louisiana and committed the offense of simple escape. He remained at large out of the State of Louisiana for approximately five months, thus avoiding detection, apprehension, and prosecution. During this time, prescription was interrupted. However, we do not find that when the defendant was arrested in. Mississippi, prescription began to run anew and culminated in two years. The interruption continued because herein the State of Louisiana exercised its discretion not to pursue the prosecution, and defendant himself made no attempt to bring about a termination of the interruption. The limitation of Article 578 of the Code of Criminal Procedure was therefore interrupted by the provisions of Article 579, supra.
 

 State v. Shushan, 206 La. 415, 19 So.2d 185, is not apposite to the instant prosecution. Its facts and circumstances are neither identical nor similar.
 

 We conclude that the trial judge correctly overruled the motion to quash the bill of information herein.
 

 Bill of Exceptions No. 1 is without merit.
 

 For the reasons assigned, the conviction and sentence are affirmed.
 

 SUMMERS and BARHAM, JJ., concur in the result.
 

 [1]
 

 . The sentence was to run consecutively with any sentence or sentences the defendant was then serving.