391 So.2d 813 (1980)
STATE of Louisiana
v.
Jerry L. DEVITO.
No. 67261.
Supreme Court of Louisiana.
July 8, 1980.
On Rehearing December 15, 1980.
Joseph J. Tosh, Gretna, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Abbott J. Reeves, Asst. Dist. Atty., for plaintiff-respondent.
BLANCHE, Justice.
We granted writs on defendant/relator's application to consider whether, during his *814 incarceration in a New Jersey prison, prescription ran on the state's prosecution against him for armed robbery.
On October 3, 1976, a warrant was issued for relator's arrest charging that he had committed a robbery in Jefferson Parish on October 1, 1976. A telegram dated February 12, 1977 from Monmouth County, New Jersey law enforcement authorities advised the Jefferson Parish Sheriff's Office of relator's whereabouts, namely, that he was being detained in the Monmouth County Jail. On February 16, 1977, some four days later, prosecution was instituted against relator by the filing of a bill of information by the District Attorney of Jefferson Parish. Relator bases his claim of prescription on La.C.Cr.P. art. 578, which provides:
"Except as otherwise provided in this Chapter, no trial shall be commenced: (1) In capital cases after three years from the date of institution of the prosecution; (2) In other felony cases after two years from the date of institution of the prosecution; and (3) In misdemeanor cases after one year from the date of institution of the prosecution. The offense charged shall determine the applicable limitation."
Thus, it appears that in this non-capital felony case, since the prosecution was instituted by filing a bill of information on February 16, 1977, no trial of petitioner would be permitted after February 16, 1979 unless some fact operated to interrupt that prescriptive period under the provisions of La.C.Cr.P. art. 579. That article provides:
"The period of limitation established by Article 578 shall be interrupted if: (1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or (2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state.
"The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists."
The state suggests that indeed, prescription was interrupted because defendant's presence at trial could not be obtained for reasons beyond the control of the state. The state submits that relator would not waive extradition and that the state made a good faith effort to extradite him. While we do not impune the good faith of the state, the record reveals that relator was not extradited to Louisiana and his trial commenced within the prescriptive period of two years from the date of the filing of the charges against him because of the state's fault.
From the documentary evidence which appears in the record, we are of the opinion that the lengthy delay in obtaining an order of extradition was caused by neglect. The first attempt at extradition failed because the documents sent to the State of New Jersey were incomplete; there appeared to have been no re-extradition agreement included among them. Furthermore, there is a time gap in the state's efforts to pursue extradition from September 1, 1977 to some time in the fall of 1979, no clear 1979 date being shown in the record. The New Jersey court did not hold a hearing on the matter until October, 1979, and no judgment was rendered until November 8, 1979. In our opinion, the State of Louisiana failed to show that it had been unable to obtain defendant's presence because of any "cause beyond the control of the state", and now that the time limit of Art. 578 has run, the state will be barred from continuing the prosecution.
Prior jurisprudence in this area has been inconsistent. State v. Shushan, 206 La. 415, 10 So.2d 185 (1944), which applied a similar but earlier statute, contains reasoning consistent with that expressed in the instant case. In Shushan, supra, the state knew at all times of the whereabouts of the defendants, and we held that incarceration did not act as an interruption of the running of prescription and that where the state did not pursue the legal means available to it to return the defendant to the jurisdiction of the court then prescription would operate as a bar to prosecution.
*815 However, State v. Dupree, 256 La. 146, 235 So.2d 408 (1970) appears to be an incorrect application of the present statute. There, the defendant fled this state and his whereabouts were unknown. The state later learned of the defendant's incarceration in Mississippi, and after serving four years in prison there, he was returned to Louisiana for trial. We held that prescription was interrupted while the defendant's whereabouts were unknown, and that when they did become known, prescription did not begin to run anew when neither the state nor defendant did anything to bring the prosecution to trial. We read Art. 578 as mandating trial within two years after institution of this prosecution unless the state can show a valid and continuing interruption under Art. 579. To the extent that Dupree would permit the state to delay commencement of trial without bearing the burden of showing valid reasons therefor under the exceptions set out in Art. 579, that case is overruled.
For the reasons assigned herein, the ruling of the court below is reversed and the case remanded with the order that defendant's motion to quash be granted and further proceedings below be dismissed.
REVERSED AND REMANDED with orders.
DIXON, C. J., dissents with reasons.
MARCUS, J., dissents and assigns reasons.
LEMMON, J., dissents and assigns reasons.
DIXON, Chief Justice (dissenting).
I respectfully dissent.
Unless there is a constitutional infirmity in C.Cr.P. 579, we ought to apply it. If the defendant at any time flees and is out of the state, the prescription against prosecution is interrupted.
MARCUS, Justice (dissenting).
I respectfully dissent for reasons assigned by Chief Justice Dixon.
LEMMON, Justice, dissenting.
C.Cr.P. art. 575 and 579(1) represent an application of the fundamental principle of prescription that time should not run against the party required to act when the opposing party prevents him from acting. Official Revision Comment (a), C.Cr.P. art. 575. Here, not only did defendant flee from Louisiana, and not only was he out of the state during the period between the state's institution of prosecution and defendant's motion to quash the charge, but also he refused to waive extradition, thereby remaining out of the state for the purpose of avoiding prosecution. We should hold prescription interrupted at least as long as the defendant is resisting extradition.[1]

ON REHEARING
DENNIS, Justice.
The result we reached on original hearing is correct.
This case hinges on whether prescription was interrupted on the period of limitation for bringing defendant's case to trial. Article 579 of the Code of Criminal Procedure provides that the period of limitation shall be interrupted if:
"(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
"(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state." *816 Clause (1) of Article 579 simply restates the fugitive from justice rule contained in Article 575. See Comment (b) under Article 579. This rule is an expression of the fundamental principle of any system of limitations that time should not run against the person required to act, when he is unable to act and particularly if the opposing party prevents him from acting. See Comment (a) under Article 575.
Clause (2) of Article 579 was suggested by State v. Shushan, 206 La. 415, 19 So.2d 185 (1944), in which this Court rejected the state's argument that the time limitations should not run because of defendant's out of state incarceration on the ground that the presence for trial of the accused could have been obtained by legal process. See Article 579, Comment (d). The case of State v. Dupree, 256 La. 146, 235 So.2d 408 (1970), which disregarded the words and the intention of the legislature in Article 579(2) and this Court's holding in Shushan, is expressly disapproved.
The state bears the heavy burden of showing that it is excused from trying an accused on a charge later than the period mandated by Article 578. State v. Driever, 347 So.2d 1132 (La.1977). We conclude that the state has not met its burden and that the prosecution must be dismissed.
Although one might surmise that the defendant departed Louisiana with the purpose to avoid apprehension, there was no evidence from which the trial judge could so find, unless it was the alleged incriminating facts set forth in the arrest warrant affidavit. We need not consider, however, whether these facts were properly in evidence or sufficient to support the judge's finding.
Interstate extradition of persons charged with crime in one state and found in another state is provided for by the federal constitution. U.S.Const. Art. IV, § 2. Implementing state legislation has been universally adopted. See La.C.Cr.P. Title VI, Extradition, Preliminary Statement. Louisiana and New Jersey are among the forty-eight states which have adopted the Uniform Extradition Act. La.C.Cr.P. arts. 261 et seq.; N.J.S.A. 2A:160-6 to 2A:160-35.
After receiving notice of the defendant's whereabouts, the state was no longer unable to act in apprehending the defendant or unable to obtain his presence for trial by legal process. Accordingly, it necessarily follows that any interruption of the period of limitation which existed under Article 579(1) or (2) ceased when the state regained its capacity to act. The period of limitation began anew at this time and expired without any further interruption.
The state has failed to carry its heavy burden of showing that it was unable to act or prevented from acting to obtain defendant's presence for trial after it received notice that defendant was incarcerated in New Jersey and susceptible to extradition. The delays and problems encountered by the state in extradition, or those caused by its own mismanagement, cannot be charged to the defendant. The court system cannot excuse itself from affording an accused a trial within the delay required by law, simply by relying on internal operating procedures which result in non-compliance with the statutory mandate. See State v. Driever, supra, 347 So.2d at 1134. Furthermore, the defendant's refusal to consent to his delivery to Louisiana authorities without extradition did not render the state helpless or deprive it of legal process by which it could have obtained the presence for trial of the accused. It merely required the state to resort to its constitutional and statutory powers of extradition.
For the foregoing reasons, the decision reached by the majority on original hearing is reinstated. The ruling of the court below is reversed and the case remanded with the order that defendant's motion to quash be granted and further proceedings below be dismissed.
REVERSED AND REMANDED WITH ORDERS.
DIXON, C. J., and LEMMON, and MARCUS, JJ., dissent.
NOTES
[1] Defendant did change his position in December, 1978 (after being sentenced to serve eight to twelve years in New Jersey) by asserting his right to a speedy trial, an action which arguably began the running of prescription. However, within a few months thereafter the state obtained the signatures of both governors to re-extradition papers and set the case for trial, all prior to the filing of the motion to quash.