448 So.2d 792 (1984)
STATE of Louisiana, Appellee,
v.
Leon Allen BEVERLY, aka Barry T. Dorff, Appellant.
No. 15,878-KA.
Court of Appeal of Louisiana, Second Circuit.
March 26, 1984.
Writ Denied May 25, 1984.
Sir Clyde Lain II, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Johnny Parkerson, Dist. Atty., Joseph T. Mickel, Asst. Dist. Atty., Monroe, for appellee.
Before PRICE, HALL and NORRIS, JJ.
PRICE, Judge.
Defendant, Leon Allen Beverly, was convicted of three counts of simple burglary of an inhabited dwelling La.R.S. 14:62.2, and was sentenced to serve ten years at hard labor on each count. The sentences were ordered to run consecutively.
On this appeal defendant asserted numerous assignments of error but has submitted an argument in brief to this court on only two of the assignments. Therefore, the remaining assignments shall be considered abandoned. State v. Smith, 430 So.2d 31 (La.1983); State v. Domingue, 298 So.2d 723 (La.1974).
The viable assignments for our review are: (1) did the trial court erroneously overrule defendant's motion to quash based on the state's failure to bring him to trial within two years of institution of prosecution, and (2) did the trial court err by ordering defendant's three sentences to run consecutively.
We find no merit to either assignment and affirm the conviction and sentence for the reasons assigned.
Prior to his arrest in Ouachita Parish in December 1978, defendant had escaped from prison in California where he was serving a sentence for simple rape. He was charged by a bill of information filed on December 21, 1978, in Ouachita Parish with eight counts of simple burglary of an inhabited dwelling and counsel was appointed to represent him. After disposition of a series of preliminary motions and prior to a trial of the merits, the defendant escaped from custody in Ouachita Parish on either March 8 or 9, 1979, and was subsequently apprehended in the state of Oregon. *793 He was offered a choice by Oregon authorities of waiving extradition to either California or Louisiana. Defendant waived extradition to California and began serving the remainder of his sentence owed to that state.
In July 1979 the state of Louisiana initiated extradition proceedings against defendant which were uneventful as California authorities declined to extradite defendant until the completion of his sentence. He was at that time being incarcerated in a mental facility for mentally disturbed sex offenders. In November 1981, California authorities notified Ouachita authorities that defendant was eligible to be released and advised that the previous Louisiana extradition documents had been misplaced. A second extradition proceeding was begun which resulted in defendant's extradition to Louisiana in January 1982.
Through his present appointed counsel defendant filed a motion to quash on March 16, 1982, contending that because more than two years had elapsed since he was charged, the state's right to bring defendant to trial has prescribed under the provisions of La.C.Cr.P. Art. 578. This motion was denied by the trial court on a finding that the period of limitation provided in Art. 578[1] had been interrupted by defendant's escape and subsequent incarceration in California under the provisions of La.C. Cr.P. Art. 579.[2]
Defendant does not contend that prescription was not interrupted by his escape on March 8 or 9, 1978. He contends however that prescription began to run anew when the state of Louisiana learned that defendant was in custody in California in July 1979 and that the two year period for limitation of prosecution accrued on July 23, 1981. He further contends that the filing of the extradition proceedings on July 23, 1979, without further effort to consummate the extradition process was insufficient to extend the period of interruption begun by defendant's escape. Defendant relies on the decisions in State v. Devito, 391 So.2d 813 (La.1980) and State v. Amarena, 426 So.2d 613 (La.1983).
Devito held that the state failed to show it had been unable to obtain a defendant's presence because of any cause beyond its control since the record showed the lengthy delay in obtaining the defendant's extradition from another state was due to neglect on the part of this state.
The circumstances of the instant case are distinguishable from Devito. Here the state took immediate steps to extradite on March 23, 1979. The record shows an assistant district attorney was advised by the California authorities defendant would not be released to Louisiana until he completed serving his term in California. By the time his term was completed, California authorities had misplaced the previously received extradition papers from Louisiana and it was necessary that a second extradition proceeding be accomplished. This was done punctually by Louisiana authorities.
Amarena is distinguishable in that the state made no effort to extradite under circumstances where it would have been effective. The defendant in that case was *794 incarcerated in a federal penal institution in California and the state did not make any effort to comply with federal laws to have the defendant transferred to Louisiana for trial within the two-year time limitation of La.C.Cr.P. Art. 579.
We find under the circumstances presented here the state has borne its burden of showing it had been unable to obtain defendant's presence for a cause beyond the control of the state. Therefore, the time limitation for prosecution was interrupted during the entire period defendant was incarcerated in California. Prescription began to run anew on November 19, 1981, and trial began on February 28, 1983, well within the two year limitation period.
In regard to defendant's second assignment of error that his sentences should have been ordered to be served concurrently rather than consecutive, we find no abuse of discretion by the trial court under the facts presented. The general rule is that the imposition of consecutive rather than concurrent sentences for crimes arising out of a single course of conduct requires particular justification. State v. Messer, 408 So.2d 1354 (La.1982). State v. Webster, 427 So.2d 1324 (La.App. 2d Cir.1983). However, concurrent sentences arising out of a single course of conduct are not mandatory and all factors in the case are to be considered. State v. Taylor, 430 So.2d 686 (La.App. 2d Cir. 1983).
In view of defendant's past criminal record and the lack of any mitigating circumstances, it makes no difference in the instant case whether the offenses for which he was convicted are treated as separate incidents or part of a common scheme or plan as in State v. Bland, 419 So.2d 1227 (La.1982).
The trial court in its per curiam to this assignment of error summarized defendant's record as follows:
As the sentencing transcript reveals, appellant was 30 years of age and had been incarcerated or on escape status from incarceration almost constantly for 15 years for a series of felony crimes. While he expressed doubts about his guilt of one or more of the three counts tried, he readily admitted his guilt of a series of house burglaries here at the time. The colloquy between him and the court clearly reveals that he is an habitual felon by choice and that there were no mitigating circumstances whatever. The crimes could not have been committed by an intoxicated person, since entry was professionally achieved and the homes were rifled of many valuable items, some quite large, but all readily susceptible to pawn or sale. Defendant is a professional burglar and thief who committed, by his own admission, more than three house burglaries. The sentences were not excessive.
We find the trial court's conclusion to be supported by the record and that the sentences imposed were not excessive because they were ordered to run consecutively.
The convictions and sentences are affirmed.
AFFIRMED.
NOTES
[1] Art. 578 General Rule

Except as otherwise provided in this Chapter, no trial shall be commenced:
(1) In capital cases after three years from the date of institution of the prosecution;
(2) In other felony cases after two years from the date of institution of the prosecution; and
(3) In misdemeanor cases after one year from the date of institution of the prosecution.
The offense charged shall determine the applicable limitation.
[2] Art. 579 Interruption of time limitation

The period of limitation established by Article 578 shall be interrupted if:
(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state.
The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists.