FRED W. JONES, Jr., Judge.
Defendant Bradshaw was charged by bill of information on October 4, 1984 with possession of marijuana with intent to distribute, a violation of La.R.S. 40:966. On June 25, 1990 he filed a Motion to Quash the bill of information. The motion was heard and denied by the trial court. From that ruling, defendant sought and we granted this writ.

Issue Presented

The following assignment of error is asserted:
*716 The trial court erred in refusing to grant defendant’s Motion to Quash based upon the State’s failure to comply with Article 578 of the Code of Criminal Procedure.

Factual Context

On October 3,1984 defendant was arrested for possessing in excess of 20 pounds of marijuana. On October 4, 1984 he was formally charged by bill of information with possession of marijuana with intent to distribute. On October 24, 1984 defendant appeared at arraignment and pled not guilty; trial was fixed for March 4, 1985. After hearings on defendant’s pretrial motions, trial was continued.
When defendant failed to appear for the scheduled pretrial conference on September 12, 1985, a bench warrant for his arrest was issued.
On December 18, 1987 defendant was arrested by federal authorities in Arkansas on federal charges. The Red River Parish Sheriff’s office was notified on December 23, 1987 of defendant’s arrest and detainment in federal custody. On July 5, 1989 officers from the Red River Parish Sheriff’s office went to the Sheriff’s office in Texarkana, Texas, where defendant was housed, to pick him up. Defendant refused to waive extradition. On July 12, 1989 Louisiana initiated extradition proceedings. On June 18,1990 defendant waived extradition and subsequently returned to Louisiana.
On June 25, 1990 defendant filed a Motion to Quash the bill of information, alleging the State failed to bring prosecution timely. On July 11, 1990 a hearing was held on defendant’s motion. The motion was denied. We granted defendant’s writ in order to review the trial court’s denial of the Motion to Quash.

Motion to Quash

Defendant contends the State failed to carry its burden of demonstrating that the prescriptive period established by La.C. Cr.P. Article 578 was suspended or interrupted. Article 578 establishes the general rule that no trial shall be commenced in felony cases (other than capital crimes) after two years from the institution of prosecution, Institution of prosecution is either the filing of the bill of information or the return of a grand jury indictment. State v. Gladden, 260 La. 735, 257 So.2d 388 (1972).
Defendant was charged by bill of information on October 4, 1984. Therefore, the State had two years from that date to bring defendant to trial, unless prescription was either interrupted or suspended.
La.C.Cr.P. Article 579 states the prescriptive period established by Article 578 shall be interrupted if:
1) The defendant at any time, with the purpose to avoid detection, apprehension or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.
The State bears the burden of showing that it is excused from trying the accused on a charge later than the period mandated by Article 578. State v. Groth, 483 So.2d 596 (La.1986); State v. Amarena, 426 So.2d 613 (La.1983); State v. Devito, 391 So.2d 813 (La.1980), and State v. Driever, 347 So.2d 1132 (La.1977).
The parties have stipulated that prescription was interrupted from September 12, 1985, when defendant fled the jurisdiction for the admitted purpose of avoiding prosecution, until December 23, 1987, when the Red River Parish officals were notified of defendant’s whereabouts. La.C.Cr.P. Article 579 A(l); State v. Amarena, supra; State v. Devito, supra, and State v. Dupree, 256 La. 146, 235 So.2d 408 (1970).
Defendant argues that the State “dropped the ball” when it failed to bring him to trial by December 23, 1989, two years from the date prescription began to run anew. La.C.Cr.P. Article 579 B; State v. Amarena, supra. The State contends prescription was interrupted when defen *717 dant, after being released from federal custody on July 5, 1989, failed to return to Louisiana; arguing he was outside the State for the purpose of avoiding prosecution. La.C.Cr.P. Article 579 A(l).
The State bears the heavy burden of proving that defendant’s purpose in remaining outside the State was to avoid prosecution. The record must clearly show such an intent. State v. Amarena, supra; State v. Williams, 414 So.2d 767 (La.1982); State v. Guidry, 395 So.2d 764 (La.1981); State v. Devito, supra, and State v. Driever, supra.
Although the State became aware of defendant’s detention in federal custody on December 23, 1987, it made no attempt to obtain his presence for trial until July 5, 1989 when officers from the Red River Parish Sheriff’s office, having been advised of defendant’s imminent release, went to the federal facility where defendant was confined. Defendant refused to waive extradition. He was transferred to the Bowie County Sheriff’s office where he remained for two days before being released on federal parole and a $10,000 extradition bond. Defendant then returned to his home in New Caney, Texas. Defendant alleged he twice appeared for scheduled extradition hearings in Texarkana, Texas between the dates of July 1989 and June 1990 and that no one showed up to represent Louisiana at the proceedings. At the third scheduled hearing, on June 18, 1990, defendant waived extradition and returned to Louisiana.
The trial court found defendant’s absence from Louisiana following his release from federal custody reflective of his purpose to avoid prosecution based upon his previous failure to appear in 1985 and his refusal to consent to delivery to Louisiana officials without an extradition hearing. Although the appellate court must attach great weight to the trial court’s factual determinations on preliminary motions, State v. Campbell, 404 So.2d 956 (La.1981) and State v. Holley, 362 So.2d 1089 (La.1978), we cannot agree with the trial court’s conclusion.
The record is void of articulated reasons posed by the State demonstrating defendant’s alleged intent to avoid prosecution. Although defendant admitted he initially fled the State to avoid prosecution, the fact that he did not return to Louisiana following his release from federal custody cannot necessarily be attributed to the same motive. Rather, the evidence shows that New Caney, Texas was defendant’s home. Defendant has resided there with his wife since 1975, where he has a small construction company and employs one permanent employee. His wife is and has been employed by the New Caney Independent School District as a schoolteacher since pri- or to the time defendant initially jumped bail. His daughter resides with and is supported by him. Although defendant exercised his right to an extradition hearing, he posted his extradition bond, continued to meet with his federal parole officer, made no attempt to conceal his whereabouts, and allegedly appeared for two scheduled extradition proceedings before finally waiving extradition. The State presented no evidence to counter that presented by defendant. The trial court erred in finding the State had carried its heavy burden of proving that defendant’s purpose in remaining outside the State was to avoid detection, apprehension or prosecution. State v. Groth, supra; State v. Amarena, supra; State v. Devito, supra, and State v. Driever, supra.
Secondly, as in State v. Amarena, supra, the State contends that prescription was interrupted through its “fruitless efforts” to secure defendant’s presence in Louisiana for prosecution. Defendant contends that a writ was available to the State as he was subjected to federal probation. However, the State argues such a writ would have been useless as defendant had been released from federal custody.
Initially, we note that the physical detention of a defendant in a state or federal prison is not alone sufficient to interrupt prescription. State v. Amarena, supra; State v. Devito, supra; State v. Shushan, 206 La. 415, 19 So.2d 185 (1944), and State v. McCarter, 469 So.2d 277 (La.App.2d Cir. *718 1985). Since the State was aware of defendant’s whereabouts and had means (through formal extradition proceedings) available to obtain defendant’s presence at trial, there was no interruption during defendant’s imprisonment. State v. Groth, supra; State v. Amarena, supra, and State v. McCarter, supra.
On July 5, 1989 the State made its first attempt to gain custody of defendant but defendant refused to waive extradition. Such action was within defendant’s rights and did not render the State helpless or deprive it of legal process by which to obtain his presence. Where the State does not pursue the legal means available to it to return the defendant to the jurisdiction of the court, there is no interruption of prescription. State v. Devito, supra and State v. Shushan, supra.
One week following defendant’s refusal to waive extradition, on July 12, 1989, the State made its first attempt to extradite him to Louisiana. The Red River Parish-District Attorney’s office sent extradition papers to the Attorney General’s office. On August 9, 1989 the Secretary of State’s office sent extradition papers to the Governor of the State of Texas. On August 17, 1989 the Governor of Texas sent a signed warrant to the Sheriff in Texarkana, Texas. No official action was thereafter taken on defendant’s extradition.
The State contends that the failure of the Texas authorities to act on the extradition of defendant after August 17, 1989 was not due to the fault of the State and was beyond its control. The State offers no explanation for the inaction, and
has failed to carry its heavy burden of showing that it was unable to act or prevented from acting to obtain defendant’s presence for trial.... The delays and problems encountered by the State in extradition or those caused by its own mismanagement, cannot be charged to the defendant. The court system cannot excuse itself from affording an accused a trial within the delay required by law, simply by relying on internal operating procedures which result in non-compliance with the statutory mandate.
State v. Devito, supra at 816.
According to defendant, the State twice failed to appear for scheduled extradition proceedings. This allegation is neither admitted nor denied by the State. Nonetheless, the State offers no excuse for the delay and it is the State which bears the burden of proving a valid reason for noncompliance with the period prescribed by Article 578. State v. Groth, supra; State v. Amarena, supra; State v. Devito, supra, and State v. Driever, supra. We find error in the trial court’s ruling that the State met that burden.

Decree

Since we find the State did not try this accused within the time mandated by law, La.C.Cr.P. Article 578, the Motion to Quash is granted, La.C.Cr.P. Article 581. The trial court ruling to the contrary is REVERSED, and defendant is ordered discharged from custody or bail. La.C.Cr.P. Article 538(3) and La.C.Cr.P. Article 581.