STATE OF LOUISIANA
v.
HORACE McCLAIN.
No. 2007 KA 0701.
Court of Appeals of Louisiana, First Circuit.
November 7, 2007.
WALTER P. REED, District Attorney, Attorneys for State of Louisiana. and KATHRYN LANDRY, Special Appeals Counsel.
FREDERICK KROENKE, Louisiana Appellate Project Attorney for Defendant-Appellant, HORACE McCLAIN.
Before PARRO, KUHN, and DOWNING, JJ.
PARRO, J.
The defendant, Horace McClain, was charged by a bill of information filed on September 22, 2003, with one count of simple burglary, a violation of LSA-R.S. 14:62. He pled not guilty. On September 18, 2006, he moved to quash the prosecution, arguing the delay for commencement of trial had expired. Following a hearing, the motion to quash was denied. Thereafter, he withdrew his former plea and pled guilty, reserving his right to seek review of the court's ruling on the motion to quash. See State v. Crosby, 338 So.2d 584 (La. 1976). He was sentenced to five years of imprisonment at hard labor. He now appeals, designating one assignment of error. We reverse the denial of the motion to quash, grant the motion to quash, vacate the guilty plea and sentence, and order the defendant discharged on the present charge.

FACTS
Due to the defendant's guilty plea, there was no trial, and thus, no trial testimony concerning the facts in this matter. The bill of information charged the defendant with committing the instant offense on August 26, 2003.

MOTION TO QUASH
In his sole assignment of error, the defendant contends the trial court erred in denying the motion to quash. Although his whereabouts were known to Washington Parish law enforcement officials for two years, the defendant argues that the state failed to follow the requirements of any statute in attempting to obtain custody of him for prosecution.
Except as otherwise provided in Chapter 2 of Title XVII of the Louisiana Code of Criminal Procedure, no trial shall be commenced in non-capital felony cases after two years from the date of institution of the prosecution. LSA-C.Cr.P. art. 578(A)(2). Simple burglary is a non-capital felony offense. See LSA-R.S. 14:2(A)(4) and 14:62(B).
The period of limitation established by Article 578 shall be interrupted if the defendant cannot be tried because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state. LSA-C.Cr.P. art. 579(A)(2). The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists. LSA-C.Cr.P. art. 579(B). Once the accused shows that the state has failed to bring him to trial within the time periods specified by LSA-C.Cr.P. art. 578, the state bears a heavy burden of demonstrating that either an interruption or a suspension of the time limit tolled prescription. State v. Morris, 99-3235 (La. 2/18/00), 755 So.2d 205 (per curiam).
On September 18, 2006, at voir dire, the defense moved to quash the prosecution as prescribed under LSA-C.Cr.P. art. 578(A)(2). At the hearing on the motion, the state presented testimony from an investigator with the Washington Parish District Attorney's Office, Mike Miller.[1] Miller indicated that based on information from the Mississippi State Department of Corrections, the defendant "came in to parish" on September 14, 2003,[2] was released on May 31, 2005, was revoked on July 1, 2005, and then "went back" into custody until November 23, 2005. Miller also identified an inmate receipt, indicating the defendant was released from the Washington Parish Sheriffs Office to the Walthall County Sheriffs Office on September 24, 2003. Miller indicated that, except for June 2005, the defendant had been incarcerated with the Mississippi Department of Corrections since September 24, 2003. Miller also indicated that an attachment was issued for the defendant on April 17, 2006.
On cross-examination, Miller indicated the Washington Parish District Attorney's Office "knew [the defendant] was picked up," and Miller was not aware of any efforts by the district attorney's office to extradite the defendant from Mississippi.
The state argued, without citation of legal authority, that the holding state was entitled to hold a defendant until he finished serving whatever time he had to serve. The state indicated it "was fairly confident" it had placed a detainer on the defendant in Mississippi. The state recognized that, to prosecute a defendant in Louisiana who was incarcerated in another state, it would either need to extradite the defendant or obtain a waiver of extradition. The state argued, in the case of a waiver of extradition, the waiver would not become effective until the defendant had finished serving whatever sentence he was serving in the holding state. The defense argued the state had notice the defendant had been transferred from the Washington Parish Sheriff's Office to Mississippi and was under a duty of due diligence to bring the defendant back to Louisiana before prescription ran. The trial court denied the motion to quash, finding that Mississippi had the right to hold the defendant until the completion of his sentence.
In the instant case, prosecution was instituted by the filing of the bill of information on September 22, 2003. Thus, no trial of the defendant would be permitted after September 22, 2005, unless some enumerated cause set forth under the provisions of LSA-C.Cr.P. art. 579 operated to interrupt that prescriptive period. See LSA-C.Cr.P. art. 578(A)(2); State v. Devito, 391 So.2d 813, 814 (La. 1980).
The trial court found prescription was interrupted under LSA-C.Cr.P. art. 579(A)(2) due to the defendant's incarceration in Mississippi. The Louisiana Supreme Court, however, no longer subscribes to the view that interruption of the time limits on commencement of trial due to incarceration in another state continues until the defendant's release from jail in that state. State v. Bobo, 03-2362 (La. 4/30/04), 872 So.2d 1052, 1057. Rather, any interruption of the time limits on commencement of trial cease when the state regains its capacity to act after receiving notice of the defendant's whereabouts in jail, because the state is no longer unable to act in apprehending the defendant or unable to obtain his presence for trial by legal process. See Bobo, 872 So.2d at 1057; Devito, 391 So.2d at 816 (on rehearing). The state has a duty under Article 579 not only to initiate extradition proceedings, but also to inform itself of the outcome of the proceedings, in the event that the state holding the demanded person makes him available to the custody of Louisiana officials. See Bobo, 872 So.2d at 1058. The mere physical detention of the defendant in a state or federal prison will not alone serve to interrupt prescription. State v. Amarena, 426 So.2d 613, 617 (La. 1983).
The state's failure to bring the defendant to trial within two years of the institution of prosecution against him was not because his presence could not be obtained by legal process nor due to events beyond its control. Accordingly, we hold that the state failed to meet its burden of proving that an interruption of the prescriptive period set forth in LSA-C.Cr.P. art. 578 had occurred.
This assignment of error has merit.

DECREE
For the foregoing reasons, the judgment of the trial court is reversed, the motion to quash is ordered granted, the guilty plea and sentence are vacated, and the defendant is ordered to be discharged from custody on the present charge.
DENIAL OF MOTION TO QUASH REVERSED; MOTION TO QUASH GRANTED; GUILTY PLEA AND SENTENCE VACATED; DEFENDANT DISCHARGED ON PRESENT CHARGE.
KUHN, J., dissenting.
I disagree with the majority's reversal of the trial court's denial of defendant's motion to quash. Under La. C.Cr.P. art. 579A(2), the two-year period the State had to institute defendant's prosecution was interrupted because his incarceration in Mississippi was an "other cause beyond the control of the [S]tate," for which he could not be tried. As the trial judge stated in his denial of the motion to quash, "The State of Mississippi has the right to maintain him in custody until he completes his sentence." Unlike the cases relied upon by the majority, in this case, the State never attempted to extradite defendant from Mississippi. In each of those cases, the State initiated but did not complete the extradition process. See State v. Devito, 391 So.2d 813, 814 (La. 1980); State v. Bobo, 03-2362, p. 2 (La. 4/30/04), 872 So.2d 1052, 1053; and State v. Amarena, 426 So.2d 613, 615; see also State v. Dupree, 235 So.2d 408, 410 (La. 1970) (whose holding was expressly disapproved by the supreme court in Devito, 391 So.2d at 815, accord Bobo, 03-2362 at pp. 7-8, 872 So.2d at 1057, which also included an initiated but uncompleted extradition). Unlike the cases relied on by the majority, it is not "because [defendant's] presence for trial [could] not be obtained by legal process" under La. C.Cr.P. art. 579A(2) that supports the trial court's denial of the motion to quash, it is because "[t]he defendant cannot be tried because of ... any other cause beyond the control of the [S]tate." Accordingly, the trial court correctly denied the motion to quash.
NOTES
[1] The hearing on the motion was held in connection with Twenty-Second Judicial District Court Docket No. 03-CR3-88113. See State v. McClain, 07-0413 (La. App. 1st Cir. 11/2/07), ___ So.2d ___. The defense stipulated the same relevant facts involved in that case were also involved in the instant case.
[2] The trial court believed the September 14, 2003 date reflected a credit-for-time-served date and that Mississippi authorities took the defendant into their custody on September 24, 2003.