MAX N. TOBIAS, JR., Judge.
hThe issue before the court is whether the state may commence trial against the accused, Trolynn A. Greathouse,[1] who was charged on 23 May 2011 by bill of information with one count of armed robbery.[2] The trial court quashed the bill of information. Finding that the appellate record on appeal is incomplete, we vacate the trial court judgment and remand the matter for further proceedings consistent with this opinion.
Following institution of the prosecution,[3] Ms. Greathouse appeared on 7 June 2011 for her arraignment. She waived a reading of the bill of information and entered a plea of not guilty. On 10 June 2011, she filed omnibus motions for discovery, suppression of statements, evidence, and identification, and for preliminary exam. After the preliminary hearing on 15 July 2011, the trial court found probable cause and denied Ms. Greathouse’s motion to suppress thej^identification.[4] We believe the other motions were also disposed of on that day.[5] Trial was set for 22 August 2011.
From 22 August 2011 through March 2012, counsel for Ms. Greathouse appeared in court on several occasions, sometimes with Ms. Greathouse and sometimes without her. The state and the court itself filed writs of (a) habeas corpus ad prose-quendam and (b) habeas corpus ad testifi-candum (hereinafter referred to, regardless of which writ was issued, as “WRIT”)[6] for Ms. Greathouse for her next trial date for which her presence was required. The record before us, however, is *246 incomplete and does not reflect whether a WRIT was issued for some of the dates. Nevertheless, Ms. Greathouse’s name was placed on the jail list[7] for transport to court for those days set for trial and for other dates her presence was required. Ms. Greathouse requested one continuance early in the proceedings; the record, however, reveals that the state moved for several.
When Ms. Greathouse did not appear for trial on 7 November 7, 2011, the state requested a continuance, promising to issue a WRIT for her appearance in | .-¡court for her next trial date of 23 January 2012. Once again her name was placed on the jail list for transport to court.
Sometime between 23 January 2012 and 23 March 2012, Ms. Greathouse became unrepresented by counsel; the record is unclear as to when her former counsel ceased representing her. However, as of 23 March 2012, she was represented by Keith M. Pyburn, Esq., who remains her attorney through this appeal. She appeared in court on 23 March 2012 for hearing and Mr. Pyburn enrolled; on 26 March 2012, Mr. Pyburn filed another omnibus motion for discovery similar to that filed on her behalf in 2011. A pretrial hearing was set for 4 April 2012 and the trial was reset for 25 June 2012. The court issued a WRIT for both 4 April 2012 and 25 June 2012 and her name was placed on the jail list for both dates.
Ms. Greathouse’s counsel appeared on 4 April 2012 for a pretrial hearing, and trial was reset for 23 May 2012, changing it from 25 June 2012. The minute entry of 4 April 2012 does not indicate any consideration and/or ruling on the second omnibus motion.[8] Her name was again placed on the jail list for 23 May 2012.
On 15 May 2012, the clerk’s office received the state’s motion and order for a continuance. Counsel for Ms. Greathouse appeared on 23 May 2012 without the accused. The matter was continued on the state’s motion. The state promised to issue a WRIT for Ms. Greathouse. Trial was again continued, this time to 4 September 2012, and her name was placed on the jail list for that date.
On 4 September 2012, Ms. Greathouse appeared in court with her counsel. The trial court issued an order that she remain in the custody of the Orleans Parish |4Sheriff with a pretrial set for 7 September 2012. Once again her name was placed on the jail list. She appeared in court for the pretrial hearing as scheduled and trial was reset for 25 October 2012. Her name was placed on the jail list, and she was remanded to DOC’s Louisiana Correctional Institute for Women at St. Gabriel, Louisiana (“LCIW”).
On 25 October 2012, defense counsel appeared in court without the accused. Another pretrial hearing was set for 31 October 2012, and Ms. Greathouse’s name was placed on the jail list. However, on that date, defense counsel appeared in court without the defendant. The matter was set for another pretrial hearing, and the state promised to issue a WRIT for Ms. Greathouse. Trial was reset for 9 *247 January 2013. Her name was placed on the jail list once again.
On 9 January 2013, defense counsel appeared for trial without the defendant. The matter was continued on the state’s motion until 13 March 2013 and Ms. Great-house’s name was placed on the jail list. The state filed a motion and order for a WRIT with the clerk on 8 February 2013 and requested that a status hearing be set for 6 March 2013.
On 6 March 2013, Ms. Greathouse and her attorney appeared in court for the status hearing and trial was reconfirmed as set for 13 March 2013. On 13 March 2013, defense counsel appeared in court for trial. A new pretrial hearing was set for 9 April 2013. Once again Ms. Greathouse’s name was placed on the jail list.
On 9 April 2013, defense counsel appeared in court without Ms. Greathouse for the pretrial hearing. Trial was reset for 20 June 2013. The defendant’s name was placed on the jail list for that date.
On 28 May 2013, Ms. Greathouse filed a pro se motion for a speedy trial from LCIW, evidenced by a 22 May 2013 postmark on the envelope of transmittal. |Jn the motion, she asserted that she had been in state custody since her arrest on 23 March 2011 on a probation revocation and had, therefore, been available to the court at all times since that date. She alleged that the postponements were the result of the state’s failure to be prepared to proceed to trial, and invoked her right to a speedy trial under La. Const. Art. I, § 16.[9] On 19 June 2013, the state filed with the clerk’s office for a WRIT.
On 20 June 2013, Ms. Greathouse appeared in court for trial with her counsel. A pretrial hearing was set for 1 July 2013 and trial for 23 July 2013. However, the court was closed on 1 July 2013. A pretrial hearing was set for 11 July 2013. Her name was placed on the jail list once again.
Ms. Greathouse and her counsel were in court on 11 July 2013 for her pretrial. The matter was reset to July 23, 2013.
On 23 July 2013, the defendant and her counsel were present in court for trial. That day she filed a motion to quash; the court set a hearing date on the motion for 30 July 2013. On this latter date, defense counsel, without the accused, appeared in court for the hearing of the motion to quash on 30 July 2013. The court was not in session. The matter was reset for 31 July 2013. Ms. Greathouse’s presence at the hearing was not required by the court.
On 31 July 2013, the trial court granted Ms. Greathouse’s motion to quash the state’s bill of information. The state noticed its intent to appeal; this timely appeal followed.
|fiOn appeal, the state assigns but one error: the trial court abused its discretion in granting the defendant’s motion to quash the bill of information.
The state argues that the time period by which the state must commence trial had not elapsed at the point that Ms. Great-house filed her motion to quash the bill of information. Acknowledging that its obligation is to exercise due diligence to secure the presence of the accused for trial under State v. Bobo, 03-2362, pp. 4-5 (La.4/30/04), 872 So.2d 1052, 1055-56, and *248 being aware that the defendant was at all relevant times in its custody, the state cites La. C.C.P. art. 578 A(2),[10] and agrees that it had two years under the statute to obtain the accused’s presence by legal process and bring the matter to trial.
The state asserts that it exercised “more than reasonable due diligence” in trying to get Ms. Greathouse to court when, on 23 January 2012, both the state and the trial court filed a WRIT to secure her presence for trial on 14 March 2012. It argues that Ms. Greathouse was not brought to court for trial on 14 March 2012 and such was attributable to the state’s inability to obtain her presence by legal process and represents a cause beyond the control of the state. Thus, the state asserts that the running of the time limitation for commencing trial was interrupted (as opposed to suspended) on 14 March 2012, and resumed when the appellee actually appeared in court on 23 March 2012. Under La.C.Cr.P. art. 579, the state argues that it had two additional years, or until 23 March 2014, in which to bring the matter to trial.
17As noted above, the defense agrees that the state was required to try this matter within two years pursuant to La. C. Cr. P. art. 578 A(2), arguing first that the state waived any argument under La. C.Cr.P. art. 579,[11] because it failed to raise this issue before the trial court. Under Uniform Rules-Louisiana Courts of Appeal, Rule 1-3, and La.C.Cr.P. art. 920(1),[12] issues not presented before the trial court are beyond the scope of appellate review, citing State v. Buckley, 02-1288, p. 3 (La.App. 3 Cir. 3/5/03), 839 So.2d 1193, 1197.
The defense points out that the state did not file a brief opposing the motion to quash in the trial court, and that the state’s only oral argument at the hearing was that Ms. Greathouse’s jury waiver constituted a suspending event under La. C.Cr.P. art. 580.[13] During the 31 July 2013 hearing on the motion to quash, the *249 state argued that Ms. Greathouse’s waiver of a jury trial on 4 September 2012 | ¡¡constituted a preliminary pleading under La.C.Cr.P. art. 580 that served to suspend the proceedings, thereby giving the state until September of 2014 to bring the matter to trial. Furthermore, Ms. Greathouse argues that the waiver of the jury, that occurred in chambers, had no delaying effect upon the trial date, which had already been set.
While not mentioned in the state’s appellate brief, the defense asserts that the only filing by the defendant that meets the La.C.Cr.P. art. 580 “other preliminary plea” criteria was the 10 June 2011 omnibus discovery/suppression motion, and it submits that these motions were disposed of by the trial court on 15 July 2011, thirty-five days later. Given the above, any suspension period ended on 15 July 2012. When her motion to quash was filed on 23 July 2013, more than a year had passed since any suspension period ended.
The defense also suggests that the “sole argument” found in the state’s brief asserts that under La.C.Cr.P. art. 579 A(2), the defendant’s trial limitation period was interrupted when, on 14 March 2012, she failed to appear for trial on that date, even though she was in state custody at the time.[14] Claiming “due diligence,” the state concludes its brief by suggesting that the defendant’s absence on 24 March 2012, despite a WRIT having been issued by both the state and the trial court, gave the state until 24 March 2014 to commence trial (more than two years).
Ms. Greathouse responds by urging that we find as “nonsensical” the state’s assertion that it could not obtain by legal process the defendant it held in its own custody, as envisioned in La.C.Cr.P. art. 579 A(2), because it allegedly made an attempt to secure her presence but failed. In any event, the defendant repeats her 1 ^assertion that argument by the state based upon any provision of La.C.Cr.P. art. 579 may not be considered by this court under La.C.Cr.P. art. 920.
Finally, Ms. Greathouse argued in her memorandum in support of her 30 July 2013 motion to quash that nothing in the record reflects that the alleged victim ever made an appearance in court on any of the previously set trial dates. Thus, all delays were as the result of the state’s actions and not her absence from court.
First, we note that the record before us reflects that all WRITs were served upon the DOC by facsimile transmission. Such does not comport with La.C.Cr.P. art. 356.[15] Thus, neither the court nor the state ever properly served the DOC with a WRIT. Second, since Ms. Greathouse was in the custody of the DOC, the failure of the DOC to transport her to the trial court (or to the sheriff for his transport to the courtroom) is not her fault, but rather the fault of the state because the DOC is a department of the state. The failure of *250 the state to honor and follow through on a WRIT must be attributed to the state, not the defendant.
The law is well-settled with regard to the state’s burden in demonstrating that a suspension or an interruption of the time limitation for trial is warranted. The Court in State v. Chadbourne, 98-1998 (La.1/8/99), 728 So.2d 832, 833, opined:
110This Court has repeatedly held that the state “bears the heavy burden of showing that it is excused from trying the accused on a charge later than the period mandated by Article 578.” State v. Groth, 483 So.2d 596, 599 (La.1986); State v. Amarena, 426 So.2d 613, 617 (La.1983); State v. Devito, 391 So.2d 813, 816 (La.1980); State v. Driever, 347 So.2d 1132, 1134 (La.1977). That burden requires the state to exercise due diligence in discovering the whereabouts of the defendant as well as in taking appropriate steps to secure his presence for trial once it has found him. See State v. Taylor, 439 So.2d 410 (La.1983); State v. Nations, 420 So.2d 967 (La.1982); State v. Williams, 414 So.2d 767 (La.1982). [Emphasis supplied.]
The state’s burden with regard to establishing that an interruption or suspension of time has occurred in responding to a quashal motion by the accused was further developed by this court in State v. Brent, 00-0072, pp. 6-7 (La.App. 4 Cir. 11/29/00), 775 So.2d 565, 569. We said:
As noted in State v. Rome, 93-1221 p. 4 (La.1/14/94), 630 So.2d 1284, 1287: “An interruption of prescription occurs when the state is unable, through no fault of its own, to try a defendant within the period specified by statute.” When a defendant seeks to quash the charges against him due to a violation of the Art. 578 time limitation, the State bears the burden of showing that an interruption as envisioned by Art. 579 occurred. The State is held to a “heavy burden” of showing just and legal cause for the interruption. See Rome; State v. Taylor, 439 So.2d 410 (La.1983); State v. Mattox, 96-1406 and 96-2370 (La.App. 4 Cir. 12/10/97), 704 So.2d 380, Writ denied 98-1701 (La.8/28/98), 723 So.2d 419, and 98-2395 (La.9/25/98), 725 So.2d 493.
[[Image here]]
Motions for hearings or for a continuance by the defendant suspend the running of the periods of limitation until the ruling of the court. State v. Fabacher, 362 So.2d 555, 557 (La.1978); State v. Campbell, 97-0358 (La.App. 4 Cir. 5/20/98), 715 So.2d 488, 495, Writ denied 98-2485 (La.2/12/99), 738 So.2d 564. A motion for a joint continuance also suspends the period of limitation under La.C.Cr.P. art. 580. State v. Rome, supra. [Emphasis supplied.]
In Bobo, 03-2362, pp. 4-5, 872 So.2d at 1055-56, the Louisiana Supreme Court stated:
The rule, repeatedly upheld by this court, is that once a defendant in a felony case in Louisiana shows that his trial was not commenced within two years after the date of the institution of the prosecution, the State “bears the heavy burden of showing that it is excused from trying the accused on a charge later than the period mandated by [La. C. Cr. P. art.] 578.” State v. Groth, 483 So.2d 596, 599 (La.1986); State v. Amarena, 426 So.2d 613, 617 (La.1983); State v. Devito, 391 So.2d 813, 816 (La.1980) (on reh’g). This heavy burden “requires the State to exercise due diligence in discovering the whereabouts of the defendant as well as taking appropriate steps to secure his presence for trial once it has found him.” State v. Chadbourne, 98-1998, p. 1 (La.1/8/99), 728 So.2d 832. The State may discharge this burden by demon *251 strating that a ground for interruption exists under La. C. Cr. P. art. 579, which provides, in pertinent part:
A. The period of limitation established by Article 578 shall be interrupted if:
(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state;
[[Image here]]
B. The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists.
Under Article 579, then, because the Ouachita Parish grand jury indicted Bobo on December 2, 1998, the State had two years from that date to bring Bobo to trial, unless prescription was interrupted under Subsection (A)(1) or (2). [Emphasis supplied; footnote omitted].
[ laWith regard to the issue of suspension of the time limitations for trial caused by preliminary pleas, the Second Circuit in State v. Jones, 41,449, pp. 21-22 (La.App. 2 Cir. 9/20/06), 940 So.2d 61, 73-74, set forth those preliminary pleas governed by La. C.Cr.P. art. 580, and develops the concept of the “heavy burden” that the state must bear in demonstrating that a suspension of time for bringing a matter to trial is warranted. The court opined:
For purposes of Art. 580, a preliminary plea is any pleading or motion filed by the defense which has the effect of delaying trial. State v. Brooks, 2002-0792 (La.2/14/03), 838 So.2d 778. These pleadings include properly filed motions to quash, motions to suppress, or motions for a continuance, as well as applications for discovery and bills of particulars. Id. Joint motions for a continuance fall under the same rule. Id. The delays occasioned by a defendant’s efforts to secure counsel do not invariably constitute grounds for suspension of the time limits for trial specified by Art. 578 when they have not “affected the state’s efforts to prosecute in any respect.” Brooks, supra, citing State v. Carr, 271 So.2d 871, 872 (La.1973).
Once the accused shows that the state has failed to bring him to trial within the time periods specified by Art. 578, the state bears a heavy burden of demonstrating that either an interruption or a suspension of the time limit tolled prescription. State v. Morris, 99-3235 (La.2/18/00), 755 So.2d 205. [Emphasis supplied.]
We agree with Ms. Greathouse that the state’s arguments both in the trial court and in its appeal are inaccurate and disingenuous. However, pursuant to La. C.Cr.P. art. 920(2), the scope of appellate review extends to any “error that is discoverable by a mere inspection of the pleadings and proceedings without inspection of the evidence.” Our inspection of the docket master reveals two issues not addressed in the trial court or by the parties on appeal.
Ms. Greathouse’s current counsel filed a second omnibus motion for discovery, etc., on 26 March 2012. A pretrial hearing was held on 4 April 2012, at 1 iswhich time a trial date was set; nothing in the record before us mentions anything about this second omnibus motion. The *252 filing of this motion suspended the time within which the state had to try Ms. Greathouse. See Jones, supra. However, the record contains nothing to show that (1) the court knew the motion had been filed,[16] (2) the motion was discussed, and/or (3) a ruling was made thereon. Therefore, we must set aside the trial court’s judgment and remand the matter to the trial court to determine what, if anything, was done with the 26 March 2012 motion. While we can assume that the motion was disposed of on or before 4 April 2012 because a trial date was selected, neither party addressed this issue.
Second, Ms. Greathouse and her co-defendant, Ms. Richard, were jointly charged in the bill of information and their charges were never severed. That which is not addressed is whether Ms. Richard’s filing of preliminary pleas suspended the article 580 time limits as applicable to Ms. Greathouse. Louisiana jurisprudence is unclear on the point and federal jurisprudence recognizes that preliminary plea of one co-defendant may suspend the time against all codefendants. See U.S. v. Jones, 56 F.3d 581, 583 n. 4 (5th Cir.1995) Unless or until the co-defendant’s case is severed from the defendant’s, “the excludable delay of one codefendant may be attributed to all defendants.” United States v. Bermea, 30 F.3d 1539, 1567 (5th Cir.1994), cert. denied, 513 U.S. 1156, 115 S.Ct. 1113, 130 L.Ed.2d 1077 (1995) [emphasis by the court]; see also State v. Thomas, 10-0528, 10-0529, 10-0303 (La.App. 4 Cir. 7/15/10), 54 So.3d 1.
| uThe judgment of the trial court is vacated and this ease is remanded to the trial court with instructions to determine the issues raised above and determine the number of days that the two-year prescriptive period (in this case, 731 days because 2012 was a leap year) was suspended under La.C.Cr.P. art. 580.

VACATED; REMANDED.

BELSOME, J., dissents with reasons.

. Ms. Greathouse’s given name is spelled in the record in the following ways: Troylynn, Trolynn, Troilynn, and Trolyn.

. The co-defendant, Keiare E. Richard, was also charged in the same bill, and the case of Ms. Richard has not been severed. This opinion only addresses the issues relating to Ms. Greathouse.

. La.C.Cr.P. art. 382.

. The two-year prescriptive period for commencement of trial of La.C.Cr.P. art. 578 A(2) is suspended when an accused files a motion to quash or other preliminary plea as discussed infra. Thus, the two-year period was suspended from 10 June 2011 through 15 July 2011, a period of thirty-five days.

. The record before us mentions only the motion for suppression of identity. Because it is not argued by the state, we presume that the court dealt with the other motions as well, as the defendant contends in her brief.

. At various times, a writ of habeas corpus ad testificandum was issued in lieu of a writ of habeas corpus ad prosequendam, both of which were intended to bring Ms. Greathouse to court for a hearing or the trial in her case. The writ of habeas corpus ad prosequendam is the correct writ because the proceeding was against her. However, we find no material difference between the two writs insofar as the issues in this case. Accordingly, we refer to them as a "WRIT.”

. The jail list is a listing issued by the trial court directed to the sheriff to transport all persons named on the list and in the sheriff's custody from parish prison to the court on a particular day. A WRIT is directed to either a sheriff or the Department of Corrections (“DOC”) to transport a person in their custody to the court. Sometimes, the DOC will transport a person in its custody to the sheriff for transfer by the sheriff to the court; such explains why a WRIT and a jail list are necessary to hopefully assure that a person be transported to court on a specific day.

. This second omnibus motion is never noted on the docket master or in any minute entry.

. If the 26 March 2012 omnibus motion for discovery was not ruled upon, we interpret the accused's motion of 28 May 2013 as waiving the omnibus motion because inherent in a motion for speedy trial is the accused’s assertion that he/she is ready for the trial to com-menee without delay. Accordingly, because the record does not reflect a ruling on the omnibus motion, the two-year prescriptive period of La.C.Cr.P. art. 578 A(2) was presumptively suspended between the two dates per La.C.Cr.P. art. 580.

. La.C.Cr.P. art. 578 A(2) provides:
A. Except as otherwise provided in this Chapter, no trial shall be commenced nor any bail obligation be enforceable:
[[Image here]]
(2) In other felony cases after two years from the date of institution of the prosecution.

. La.C.Cr.P. art. 579 states in pertinent part:
A. The period of limitation established by Article 578 shall be interrupted if:
(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.

. La.C.Cr.P. art. 920 provides:
The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.

. The actions by which a defendant may suspend the running of that time limit are set forth in La.C.Cr.P. art. 580, which states:
A. When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial.
B. The periods of limitation established by Article 578 shall also be suspended if the court grants a continuance in accordance with the provisions of Paragraph B of Article 709.

. The docket master for 4 September 2012, the only court date set for that month, makes no mention of a waiver by the accused.

. La.C.Cr.P. art. 356 states:
Service of the writ may be made on any day by
(1) Delivering it to the person to whom it is addressed;
(2) Informing him of its contents if he refuses to receive it; or
(3)Attaching the writ to an entrance door of the residence of the person to be served or of the place of custody if such person conceals himself or cannot be found or refuses admittance to the person attempting service.
A writ of habeas corpus, although addressed to a particular person, may be served in the manner provided by this article upon any person who has custody of the person whose release is sought.

. We recognize from our experience that, in Orleans Parish Criminal District Court, motions are sometimes filed with the section of court to which the case is allotted and other times with the Clerk of Criminal District Court. We do not know where the defendant's motion was filed. From our experience, we also know that motions filed in the Clerk’s office are sometimes not transmitted to the appropriate section of court for action, especially in sections where the custom of that section is for motions to filed and delivered by counsel only to that section.