728 So.2d 832 (1999)
STATE of Louisiana
v.
Wayne CHADBOURNE.
No. 98-KK-1998.
Supreme Court of Louisiana.
January 8, 1999.
PER CURIAM.[*]
Granted. The rulings of the courts below are reversed and relator is ordered discharged from custody on the pending DWI charge in the 24th Judicial District.
This Court has repeatedly held that the state "bears the heavy burden of showing that it is excused from trying the accused on a charge later than the period mandated by Article 578." State v. Groth, 483 So.2d 596, 599 (La.1986); State v. Amarena, 426 So.2d 613, 617 (La.1983); State v. Devito, 391 So.2d 813, 816 (La.1980); State v. Driever, 347 So.2d 1132, 1134 (La.1977). That burden requires the state to exercise due diligence in discovering the whereabouts of the defendant as well as in taking appropriate steps to secure his presence for trial once it has found him. See State v. Taylor, 439 So.2d 410 (La.1983); State v. Nations, 420 So.2d 967 (La.1982); State v. Williams, 414 So.2d 767 (La.1982). In this case, the state filed its bill of information on April 15, 1997, and received notice of relator's true whereabouts on May 9, 1997, when the district court issued a detainer to hold relator in the custody of the Department of Corrections, where he was serving a sentence of four years at hard labor imposed in Orleans Parish on April 22, 1997, or less than two weeks after the state instituted prosecution in this case. The state thereafter did not discharge its heavy burden of prosecuting the defendant within the applicable one-year time limit, La.C.Cr.P. art. 578(3), by assuming, without a single inquiry to the Department of Corrections, that the subsequent ex parte withdrawal of the detainer at defense counsel's request in March of 1995 meant that relator had been released from custody and thereby interfered with its ability to secure his presence at trial. The withdrawal of the detainer therefore did not serve to interrupt the running of the prescriptive *833 period by May 9, 1998, and the trial court erred in denying relator's motion to quash the pending bill of information filed on the day set for trial, May 20, 1998.
LEMMON, J. concurs in the result.
NOTES
[*] VICTORY, J., not on panel. See La.S.Ct. Rule IV, Part II, § 3.