JAMES F. McKAY III, Judge.
hThe State appeals the ruling of the trial court granting the defendant? s motion to quash. For the following reasons we find that the trial court abused its discretion, reverse the ruling and remand the matter for further proceeding consistent with this opinion.
STATEMENT OF CASE
On August 15, 2006, following surveillance conducted by the New Orleans Police Department in the 800 block of Newton Street, New Orleans, Louisiana, the defendant was arrested and charged with possession of crack cocaine. A bill of information was filed against the defendant on March 9, 2007, and the case was allotted to Section “K” of the Orleans Parish Criminal District Court. On May 4, 2007, the defendant pled not guilty and was notified in open court to appear again in court for a status hearing on June 1, 2007, on that date the defendant’s counsel failed to appear and a new status date was scheduled for June 6, 2007. The defendant failed to appear on that date and a capius was issued for his arrest and the matter was continued without date.
The defendant was arrested on February 22, 2010, and was released on his original bond on February 24, 2010. Outstanding warrants were recalled. Motions 12were set for April 1, 2010, but the court was to be closed on that date. A new notice was sent out on March 8, 2010, advising the defendant that April 23, 2010, had been set as the new motion hearing date. The defendant failed to appear on April 23, 2010, and a capias was issued. On May 26, 2010, and July 2, 2010, the defendant was present in court without counsel present. Motion hearings were set for July 27, 2010 but on that date a trial was in progress, and the matter was again reset to September 2, 2010. On that date, the trial court found no probable cause. On September 30, 2010, the defendant filed a motion to quash. Upon the joint motion of the State and the defendant the trial was continued to November 3, 2010.
At the hearing of November 3, 2010, the defendant, as a basis for his motion to quash, cited La. C. Cr. P. art. 532(7) which states:
A bill of information may be properly quashed when:
*951 (7) The time limitation for the institution of prosecution or for the commencement of trial has expired.
The trial court granted the motion to quash at the hearing.
DISCUSSION
La.C.Cr.P. art. 579 governs the interruption of the time limitations upon the commencement of trial, and provides in pertinent part:
A. The period of limitation established by Article 578 shall be interrupted if:
(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
U(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record[1].
B. The periods of limitation established by .Article 578 shall commence to run anew from the date the cause of interruption no longer exists.
The issue before this Court is whether the record reflects that the defendant received sufficient notice, during his June 1, 2007 court appearance, of the June 6, 2007 hearing date, sufficient to interrupt the running of prescription. La.C.Cr.P. art. 579 allows for the interruption of prescription if the State can show that one or more of those factors set forth in article 579 are present.
The defendant asserts that the law provides the State two years from the date of the formal charge in which to try the defendant for possession of cocaine under La.C.Cr.P. art. 578(A)(2). The defendant argues that he made an appearance as required on June 1, 2007, but his counsel was not present; however, the minute entry reflects that the defendant provided the court with a change of address and that he was notified of a July 6, 2007 status hearing. The clerk also issued a notice to the defendant’s counsel. The record before this Court contains no transcript for that date.
The defendant argues that the chronology of events demonstrates that the two-year time limitation for trying this possession of cocaine case has expired and therefore, the State is precluded from prosecuting the defendant pursuant to La.C.Cr. Pro. Art. 578.
In State v. Rome, 93-1221 (La.1/14/94), 630 So.2d 1284, 1287, the Supreme Court explained the mechanics of interruption and suspension in the following manner:
14An interruption of prescription occurs when the state is unable, through no fault of its own, to try a defendant within the period specified by statute, in this case two years. The Louisiana Code of Criminal Procedure article 579(A)(2) provides in pertinent part that the two-year period of limitation will be interrupted if the defendant “cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state.” Once the cause of interruption disappears, the two-year time limit begins anew. See La.Code Crim. Proc. Ann. art. 579(B). In contrast, the prescriptive period is *952 merely suspended, until the trial court rules on the filing of preliminary pleas. The relevant period is simply not counted, and the running of the time limit resumes when the motions are ruled on. Note, however, that “in no case shall the state have less than one year after the ruling to commence the trial.” La. C.Cr.P. art. 580.
The State offered a minute entry as proof that the defendant received actual notice on June 1, 2007, of hearing the July 6, 2007, thereby interrupting the running of prescription. The State argues that on that basis, it was under no obligation to search for appellee. The State supports its argument and cites the case of State v. Romar, 2007-2140, p. 3 (La.7/1/08), 985 So.2d 722, 725, in which the Supreme Court opined:
As a general matter, the state has two years from the institution of prosecution to begin trial of a non-capital felony. La.C.Cr.P. art. 578(A)(2). The statutory periods of limitation “enforce the accused’s right to a speedy trial and ... prevent the oppression caused by suspending criminal prosecutions over citizens for indefinite periods of time.” State v. Rome, 93-1221 (La.1/14/94), 630 So.2d 1284, 1286; see United States v. Marion, 404 U.S. 307, 322, 92 S.Ct. 455, 464, 30 L.Ed.2d 468 (1971)(statutes imposing time limits on trial “provide predictability by specifying a limit beyond which there is an irrebuttable presumption that a defendant’s right to a fair trial would be prejudiced.”). That period may be enlarged as the result of suspension, La.C.Cr.P. art. 580, or interruption, La.C.Cr.P. art. 579, but in either case, the state “bears the heavy burden of showing that it is excused from trying the accused on a charge later than the period mandated by [La. C.Cr.P. art. 578].” State v. Chadbourne, 98-1998, p. 1 (La.1/8/99), 728 So.2d 832 (internal quotation marks and citations omitted). That burden ordinarily “ ‘requires the State to exercise due diligence in discovering the whereabouts of the defendant as well as taking appropriate steps to secure his presence for trial once it has found him.’ ” State v. Bobo, 03-2362, p. 5 (La.4/30/04), 872 So.2d 1052, 1055-56 (quoting Chad-bourne).
| sHere, because the defendant received actual notice in open court, the time limitations were interrupted until he appeared in court on February 24, 2010. The State was under no obligation to exercise due diligence to find him during that time.
CONCLUSION
The fact that the defendant received notice in open court on June 1, 2007, as substantiated by the court record, and did not appear as directed on July 6, 2007, must be interpreted as an absence from court sufficient to interrupt the running of prescription. Thus, the record demonstrates that sufficient notice was given to the defendant.
Accordingly, we reverse the trial court’s ruling and remand the case for further proceedings.
REVERSED AND REMANDED.

. La.C.Cr.P. art. 579(A)(2) requires that before there can be a finding of interruption of prescription, proof of actual notice to the defendant must appear in the record.