ROLAND L. BELSOME, Judge.
_JjThis appeal concerns the trial court’s denial of defendant’s motion to quash the bill of information based on the State’s failure to commence trial timely pursuant to La.C.Cr.P. art. 578. For the reasons *955 that follow, we reverse the trial court’s ruling.

FACTS/PROCEDURAL HISTORY

On July 25, 2006, the Orleans Parish District Attorney filed a bill of information charging defendant, Charles E. Andres, with possession of cocaine, a violation of La. R.S. 40:967. Defendant pled not guilty at arraignment on September 5, 2006. On March 23, 2007, the defendant’s public defender moved to withdraw as counsel.[1]
On April 19, 2007, the State filed a motion to order the appointment of counsel; however, the trial court deferred ruling. On April 20, 2007, the defendant appeared without counsel for a general motion hearing. At that time, the trial court stayed the prosecution until further order of the court and continued the case until May 7, 2007.
|2On May 7, 2007, the defendant did not appear, and the court issued an alias capi-as for his arrest without bond. Meanwhile, on August 16, 2007, this Court, in State v. Edwards, et al., 2007-0488 (La.App. 4 Cir. 8/16/07), unpub., lifted the stay issued by the trial court and ordered it to appoint counsel for each defendant that was unrepresented. Three years later, on August 16, 2010, the defendant was arrested pursuant to the alias capias, and an arrest notification was filed in the record. The Defendant appeared for a second arraignment on August 17, 2010, he again pled not guilty, and the trial court released him on his original bond, which had never been forfeited.
On March 15, 2011, the defendant filed a motion to quash the bill of information.[2] On April 13, 2011, after the trial court denied the motion to quash, the defendant pled guilty as charged under Crosby, pursuant to a plea agreement.[3]
On the same date, the trial court sentenced the defendant to 40 months at hard labor. Alleging that the defendant was a third felony offender, the State also filed a multiple bill against the defendant, to which he pled guilty.[4] The trial court vacated the previously imposed sentence and resentenced the defendant to 40 months at hard labor. On May 16, 2011, the trial court granted defendant’s untimely motion for appeal.[5]

\ .DISCUSSION

In his first assignment of error, defendant contends that the trial court erred in denying his motion to quash based on the expiration of the two-year time limitation set forth in La.C.Cr.P. art. 578.
*956 As a general matter, the State has two years from the institution of prosecution to commence a trial in a non-capital felony case. See La.C.Cr.P. art. 578(A)(2). The Louisiana Supreme Court has explained that the “statutory periods of limitation ‘enforce the accused’s right to a speedy trial and ... prevent the oppression caused by suspending criminal prosecutions over citizens for indefinite periods of time.’” State v. Romar, 2007-2140, p. 8 (La.7/1/08), 985 So.2d 722, 725, citing State v. Rome, 93-1221 (La.1/14/94), 630 So.2d 1284, 1286.
Upon expiration of the time limitation, the court shall, on motion of defendant, dismiss the indictment [or bill of information] and there shall be no further prosecution against the defendant for criminal conduct. La.C.Cr.P. art. 581. A motion to quash is the proper procedural vehicle for challenging an untimely commencement of trial. See La.C.Cr.P. arts. 532(A)(7), 581; see also State v. Walgamotte, 415 So.2d 205, 210 (La.1982). The trial court’s ruling on a motion to quash should not be reversed in the absence of a clear abuse of discretion. State v. Sorden, 2009-1416, p. 3 (La.App. 4 Cir. 8/4/10), 45 So.3d 181, 183. (citations omitted).
In this case, prosecution was instituted on July 25, 2006, the date the bill of information was filed. Although prosecution was timely instituted, trial was not | commenced within the two-year period provided by La.C.Cr.P. art. 578(A)(2), which would have been on or before July 25, 2008.
Once a defendant shows that the State has failed to commence trial within the time periods specified by the general rule governing time limitations for commencement of trial, the State bears a heavy burden to demonstrate either an interruption or a suspension of the time limit such that prescription will not have tolled. Rome, 630 So.2d at 1286. (citations omitted).
La.C.Cr.P. art. 579 provides for the interruption of the time limit for commencing trial as follows:
A. The period of limitation established by Article 578 shall be interrupted if:
(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record. (Emphasis added).
B. The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists.
To satisfy its burden in establishing that an interruption of the prescriptive period has occurred, the State must exercise due diligence in discovering the whereabouts of the defendant as well as in taking appropriate steps to secure his presence for trial once it has found him. State v. Chadbourne, 98-1998 (La.1/8/99), 728 So.2d 832. However, in Romar, 2007-2140 at 6, 985 So.2d at 726, the | ¡^Louisiana Supreme Court firmly held that La.C.Cr.P. art. 579(A)(3) does not impose on the state the affirmative duty to search for a defendant who has failed to appear for trial after receiving actual notice. Once the cause of interruption ceases, the prescrip *957 tive period runs anew. La.C.Cr.P. art. 579(B).
Review of the record reflects that the defendant posted a bond while the case was pending in Magistrate Court. The majority of the minute entries leading up to the April 20, 2007 hearing indicate that the defendant was notified in court of the next appearance date. However, on April 20, 2007, the last date prior to the status hearing when the defendant failed to appear, the minute entry states, “Send notices. Place the defendant on the jail list.” However, there is no indication from the record that the defendant was in jail on April 20, 2007, or thereafter.
The State suggests that the defendant’s presence in court when the status conference was set coupled with the trial court’s issuance of an alias capias on May 7, 2007, when the defendant failed to appear, is proof of actual notice.
Recently, in State v. Williams, 2011-1231 (La.App. 4 Cir. 5/23/12), 95 So.3d 554, after the defendant claimed he had inadequate notice of the hearing for which he failed to appear, this Court considered the issue of adequate notice for purposes of interruption. In Williams there was a discrepancy in the trial court record regarding the actual date on which the hearing in question was set. At one point, the third day of the month was indicated as the date of the hearing, and at another point, the fifth day of the month was indicated. Furthermore, as here, the record failed to indicate that the defendant was served with a subpoena.
This Court did not find Williams’ argument regarding the discrepancy compelling because he failed to appear on either date. This court also rejected the | (¡argument that a subpoena was necessary as the defendant received notice of the hearing date in open court which was confirmed by the transcript from the hearing.
Here, other than the notation that the defendant was in court on the day that the matter was continued, there is no direct evidence of notice in the record, and the defendant maintains that he did not receive notice. Moreover, unlike the minute entries from the previous appearance dates which specify notice being issued, the minute entry from the hearing states only that the defendant was to be placed on the jail list, although there is nothing to indicate the defendant was incarcerated. While it may be reasonable to assume that on April 20, 2007, the defendant, who according to the minute entry appeared in court, was apprised of the next setting; actual proof thereof does not appear in the record.
As to the State’s second point, the fact that the trial court issued an alias capias does not by itself establish that the defendant received notice. For instance, in Sorden, supra, the trial court issued an alias capias on two occasions; however, this court failed to conclude that the prescriptive period was interrupted by actual notice.
Remarkably, the State never moved to forfeit the defendant’s surety bond, which would have put his surety on notice of his failure to appear. Thus, the State failed to avail itself of the most readily available means to secure a defendant’s presence. Indeed, in Romar, the Court characterized the State’s action of moving to revoke the defendant’s surety bond as a “necessary” step towards securing a defendant’s presence. Id., 2007-2140 at 6, 985 So.2d at 726. This failure weighs heavily against the State in assessing the extent to which the State attempted to meet its burden.
|7The State also suggests that the principle delay in prosecuting the case was *958 caused by the public defender’s withdrawal from the case that resulted in the issuance of a stay order. In support, the State cites State v. Van Dyke, 2003 — 437 (La.App. 3 Cir. 10/1/03), 856 So.2d 187, and State v. Gaines, 2008-0967 (La.App. 4 Cir. 2/11/09), 5 So.3d 915, where issues over obtaining proper representation for the defendant caused delays in bringing the cases to trial. However, both cases concerned the defendant’s constitutional speedy trial rights, and neither case is implicated under a statutory speedy trial analysis.
Moreover, even giving the State any available credits for delays caused by the public defender’s withdrawal and resulting stay, the time limit would still have prescribed. The State further fails to set forth any additional cause to account for the three year intermission between this Court’s lifting of the stay order and defendant’s subsequent arrest on the alias capi-as and second arraignment.
Considering the foregoing circumstances and the record, the State has failed to satisfy its burden of showing that the time limit to institute prosecution had not expired. Accordingly, we find that the trial court abused its discretion when it failed to grant the defendant’s motion to quash.[6]
The trial court’s ruling is hereby REVERSED. Defendant’s conviction, multiple offender adjudication, and related sentence are hereby vacated.
REVERSED
CONVICTION, ADJUDICATION AND SENTENCE VACATED

. The defendant’s public defender had previously moved to withdraw from various other cases pending in Section "K.” At issue was whether the Orleans Indigent Defender had adequate funding to competently represent every indigent defendant. In State v. Edwards, et al., 2006-1366 (La.App. 4 Cir. 11/8/06), unpub., this Court ordered the trial court to hold individualized hearings in accordance with State v. Peart, 621 So.2d 780 (La.1993). On remand, the public defender filed an updated motion to amend his previously filed motion to withdraw, which included defendant.

. The State did not file a response to defendant’s motion to quash.

. State v. Crosby, 338 So.2d 584 (La.1976).

. The record does not contain a copy of the multiple bill of information.

. Given the trial court’s granting of defendant's motion for an appeal and its appointment of the Louisiana Appellate Project to represent him on appeal, and considering the state’s failure to complain about any procedural irregularities in the ordering of the out-of-time appeal, dismissal of the present appeal and a remand to the district court to cure any defects would only prolong the proceedings without serving any useful purpose. See State v. S.J.I., 06-2649 (La.6/22/07), 959 So.2d 483 and State v. Shay, 07-0624 (La. 10/26/07), 966 So.2d 562.

. Due to our determination that the time limit to commence trial has expired; discussion of defendant's second assignment of error is pre-termitted.