JAMES F. McKAY III, Chief Judge.
liThe State of Louisiana appeals the trial court’s judgment granting a motion to quash the bill of information in favor of Eric Jones (“Defendant”). For the reasons set forth below, we affirm.
PROCEDURAL HISTORY
The underlying facts of this case are not pertinent to the appeal. The issues are purely procedural in nature.
Defendant was charged by bill of information on December 22, 2005 with one count of possession of crack cocaine, in violation of La. R.S. 40:967(C). Defendant appeared for arraignment on May 11, 2006 and entered a plea of not guilty. On the same date, the trial court scheduled a pre-trial hearing for June 23, 2006, to determine counsel and other preliminary matters. Defendant was notified of the hearing date in open court. However, Defendant failed, to appear on .June 23, 2006, and the trial court issued an alias capias for his arrest.[1]
12Defendant subsequently appeared without counsel before the trial court on August 11, 2006. No new date was given to Defendant at that time; the trial court simply reinstated the original bond and recalled the alias capias.
On January 5, 2011, upon the State’s request, the trial court set a pre-trial hearing for January 8, 2011. From this point until the motion to quash was filed on November 30, 2012, Defendant intermittently appeared and failed to appear for court proceedings.[2]
*1094 After new defense counsel enrolled in June of 2012, Defendant filed the motion to quash on November 30, 2012, which is the subject to the instant appeal, alleging that the time period for which the State had to commence trial had expired. In the motion, Defendant stated that he was incarcerated on June 14, 2007, and subsequently sentenced to one year at hard labor at the Louisiana | ^Department of Corrections. The motion also included an “affidavit of incarceration,” executed by Jefferson Parish Correction Center employee, which stated that Defendant was incarcerated in the custody of Jefferson Parish Correction Center of the Jefferson Parish Sheriffs Office from June 14, 2007, until June 17, 2007, and then transferred to LaSalle Correction Center.[3] The affidavit does not, however, provide that the dates Defendant was allegedly in the custody of LaSalle Correction Center.
The motion to quash came before the trial court on January 11, 2013. At the hearing, Defendant mistakenly claimed that he was in custody of Jefferson Parish Correctional Center at the time he was supposed to appear at the June 23, 2006 hearing. Defendant further argued that because he was in custody of the Jefferson Parish Correctional Center, that State had the affirmative duty to locate him.[4] The State did not dispute dates as asserted by Defendant at the hearing. The trial court subsequently granted Defendant’s motion to quash. This appeal followed.
STANDARD OF REVIEW
We generally review trial court rulings on motions to quash under an abuse-of-discretion standard. State v. Love, 2000-3347, pp. 9-10 (La.5/23/03), 847 So.2d 1198, 1206; State v. Jones, 2012-0565, p. 5 (La.App. 4 Cir. 4/24/13), 115 So.3d 643, 647. We specifically review a ruling on a motion to quash on the grounds that the time limitation or prescriptive period for commencement of trial has expired | ¿under that same standard. State v. Ramirez, 2007-652, p. 4 (La.App. 4 Cir. 1/9/08), 976 So.2d 204, 207.
DISCUSSION
As its sole assignment of error, the State contends that the trial court abused its discretion by granting Defendant’s motion to quash, where the time limitations for commencing trial were interrupted due to the numerous times Defendant failed to appear in court.
A motion to quash may be based on the expiration of the time limitation for the institution of prosecution or for the commencement of trial. La.C.Cr.P. art. 532(7). La.C.Cr.P. art. 578 mandates the time limits on the commencement of trials depending upon the classification of the offense charged. It provides, in relevant part:
A. Except as otherwise provided in this Chapter, no trial shall be com *1095 menced nor any bail obligation be enforceable:
[[Image here]]
(2) In other felony cases after two years from the date of institution of the prosecution; and
B. The offense charged shall determine the applicable limitation.
Possession of cocaine is punishable by imprisonment with or without hard labor for not more than five years; it is a non-capital felony. La. R.S. 40:967(0(2); La. C.Cr.P. art. 933(3). Thus, as a general rule, trial for the instant offense must have commenced within two years of the institution of prosecution. La.C.Cr.P. art. 578(A)(2). Because the prosecution was instituted against Defendant on December 22, 2005, Defendant should have been brought to trial no later than December 22, 2007.
| sOnce it is established that the State has failed to commence trial within the time periods specified by La. C.C.P. art. 578, the State bears a heavy burden to demonstrate that either an interruption or a suspension of the time limit tolled prescription. State v. Morris, 99-3235, p. 1 (La.2/18/00), 755 So.2d 205, 205 (per cu-riam)-, State v. Joseph, 93-2734, p. 1 (La.6/3/94), 637 So.2d 1032, 1032; State v. Bell, 2002-2349, p. 9 (La.App. 4 Cir. 8/6/03), 854 So.2d 429, 434; State v. Franklin, 2010-0792, p. 4 (La.App. 4 Cir. 4/6/11), 62 So.3d 817, 819. La.C.Cr.P. art. 579 governs the interruption of time limitations for commencing trial, and provides:
A. The period of limitation established by Article 578 shall be interrupted if:
(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears in the record.
B. The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists.
Ordinarily, to satisfy its burden in establishing that an interruption or suspension of the prescriptive period has occurred, the State “must exercise due diligence in discovering the whereabouts of the defendant as well as in taking appropriate steps to secure his presence for trial once it has found him.” State v. Chad-bourne, 98-1998, p. 1 (La.1/8/99), 728 So.2d 832, 832 (per curiam). However, the Louisiana Supreme Court in State v. Roman 2007-2140, p. 6 (La.7/1/08), 985 So.2d 722, 726, firmly held that “La.C.Cr.P. art. 579(A)(3) does not 1 simpóse on the State the affirmative duty to search for a defendant who has failed to appear for trial after receiving actual notice.”
The State argues that Defendant’s failure to appear in court for the June 23, 2006 hearing date after receiving notice of the date in open court interrupted the time period to commence trial.[5]
The State is correct in that Louisiana jurisprudence has found that notice in open court is sufficient to establish actual notice under La.C.Cr.P. art. 579(A)(3). In State v. Green, 2011-0094, p. 5 (LaApp. 4 *1096 Cir. 8/31/11), 72 So.3d 949, 952, the Fourth Circuit held a minute entry demonstrating that a defendant had appeared in open court and received notice of a rescheduled hearing date was sufficient proof of actual notice and thus found that the defendant’s subsequent absence from court after receiving notice interrupted prescription. Id.
In the present case, like in Green, the minute entry of May 11, 2006 provides that Defendant was present at the arraignment and that he was “notified in court” of the June 23, 2006 hearing date. Thus, the failure of Defendant to appear for the proceeding on June 23, 2006 subsequent to receiving notice of the scheduled hearing in open court interrupted the two-year period to bring Defendant to trial.[6] See also, State v. Williams, 2011-1231, p. 5 (La.App. 4 Cir. 5/23/12), 95 So.3d 554, 557 (holding that a subpoena was not required to be served on a defendant to provide actual notice of bond hearing date, for purposes of determining whether defendant’s failure to appear at that hearing interrupted running of statutory period, as defendant and his counsel received notice at arraignment of a bond hearing 17date); State v. Evans, 2008-0417, pp. 7-8 (La.App. 1 Cir. 10/31/08), 998 So.2d 197, 202 (finding that period of prescription for prosecuting a defendant who failed to appear in court for his second trial on drug offense, after he received actual notice to appear in open court, was interrupted by defendant’s nonappearance); but see, State v. Andres, 2011-1341, pp. 5-6 (La.App. 4 Cir. 9/19/12), 100 So.3d 953, 956-957 (finding the State failed to meet its burden of proving that the time limit to prosecute the defendant had been interrupted where the minute entry, upon which the State relied on to prove actual notice, only provided “Send notices. Place the defendant on the jail list”).
However, La.C.Cr.P. art. 579(B) provides “[t]he periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists.” Here, as noted above, the interruption began on June 23, 2006, when Defendant failed to appear in court after receiving actual notice on May 11, 2006. The record provides, however, that Defendant subsequently appeared before the trial court on August 11, 2006. The minute entry of August 11, 2006 does not indicate that another date was set for which Defendant had to appear. It provides:
The defendant, Eric Jones, appeared without counsel in open court.
The court reinstated the original bond.
The court recalled the alias capias.
Pursuant to the provisions of La.C.Cr.P. art. 579(B), once Defendant appeared on August 11, 2006 the cause of interruption ceased, and the two-year time period began to run anew. See, Romar, 2007-2140, pp. 6-7, 985 So.2d at 726-727 (finding that the limitation for prosecuting a defendant who failed to appear after receiving notice of trial date ran anew when the defendant was |sarrested and appeared in court); Evans, 2008-0417, p. 7, 998 So.2d at 202 (holding that the prescription period for prosecuting a defendant who failed to appear after notice began to run anew when defendant appeared in court approximately two years later); State v. Tillman, 43,569, p. 8 (La.App. 2 Cir. 10/22/08), 997 So.2d 144, 148 (noting that once the defendant failed to appear for the trial court, the time limitation did not run anew until he *1097 was arrested and appeared before the court to dispose of the matter). The State, therefore, had until August 11, 2008, to commence trial. However, nothing was done to move the matter forward until January 5, 2011, when the State requested the trial court to set a pre-trial hearing for January 18, 2011. Thus, because more than two years had passed between Defendant’s reappearance on August 11, 2006, and the State’s recommencement of proceedings in January 2011, the time period to bring Defendant to trial has prescribed. The State has failed to point to any events subsequent to the August 11, 2006 appearance of Defendant that would cause an interruption or suspension to the time limitations imposed by La. C.C.P. art. 578. Accordingly, it was not an abuse of discretion to grant the motion to quash.
The State also generally claims that the trial court erred in granting the motion to quash because “the time limitations for commencing trial were interrupted due to the numerous times ... [Defendant failed to appear in court.” There are minute entries from 2011 and 2012, indicating that Defendant did not appear for several court hearings after notice was allegedly sent to Defendant. However, these non-appearances occurred after the time limitation to bring the matter to trial had expired in August 2008, and thus have no bearing on the running of the already prescribed period to commence trial. Therefore, the State’s argument in this regard lacks merit.
| «CONCLUSION
Although the time period for bringing Defendant to trial was interrupted on June 23, 2006, when Defendant failed to appear for a hearing after receiving notice thereof in open court, the prescriptive period began to run anew when Defendant appeared in court on August 11, 2006. At that point, the State had two years from that date, or until August 11, 2008, to commence trial. The State did not act until January 2011. Thus, the trial court did not abuse its discretion in granting Defendant’s motion to quash. We affirm.
AFFIRMED

. The docket master indicates that áfter the trial court issued an alias capias “with no bond” and continued the matter without date, defense counsel appeared without Defendant and moved to continue the hearing, which was reset for July 28, 2006. The minute entry dated July 28, 2006, provides that Defendant failed to appear.

. Defendant did hot appear for the January 8, 2011 pre-trial hearing, and the matter was reset for March 2, 2011. On February 10, 2011, Defendant filed a motion to quash the bill of information on the grounds that the time limitations established by La.C.Cr.P. art. 578 had prescribed and that his right to speedy trial granted by both the state and federal constitutions had been violated. Defense counsel appeared for hearing on motion to quash on March 2, 2011 and waived the appearance of Defendant. The trial court granted a joint motion to continue and reset the motion to quash for March 17, 2011. When Defendant failed to appear on March 17, 2011, the trial court issued another alias capias for Defendant’s arrest for $5,000.00 and continued the motion hearing without date. The February 10, 2011 motion to quash filed by Defendant was never reset for hearing.
Several months later, it appears that Defendant was arrested as he posted bond on June 2, 2011, in the amount of $5,000.00. At the State’s request on August 11, 2011, the trial court again set a pre-trial hearing for August 30, 2011. On August 30, 2011, Defendant appeared without counsel, at which point, the trial court appointed a public defender to represent Defendant and scheduled a motion hearing for September 22, 2011. Defendant did not appear at the September 22, 2011 hearing, and the trial court issued another alias capias. However, when Defendant appeared without counsel the following day, on September 23, the trial court vacated the ca-pias, and set motions for October 21, 2011. On October 21, 2011, the trial court denied a motion to suppress filed by Defendant and found probable cause to substantiate the charges. The case was then set for trial on December 8, 2011. When Defendant failed to appear for trial, the trial court again issued an alias capias and set a bond forfeiture hearing for January 6, 2012. Defendant also did not appear for the bond forfeiture hearing *1094 and as result on January 6, 2012, the trial court executed a judgment of bond forfeiture. On January 17, 2012, the deputy clerk mailed notice of the bond forfeiture by certified mail to Defendant, his bond agent, and his surety. The record does not reflect whether the notice of forfeiture was actually received.

. The motion to quash also contained the docket master of the Criminal District Court proceedings as well as the minute entry of 24th Judicial District Court, which showed that on June 14, 2007, Defendant pled guilty to second offense possession of marijuana in exchange for one year at hard labor.

. The affidavit of incarceration actually provides that Defendant was incarcerated in June of 2007, approximately a year after Defendant failed to appear on June 23, 2006.

. The State initially refers to "numerous” non-appearances of Defendant that interrupt the prescriptive period to commence trial; however, in its argument the State only addresses Defendant's failure to appear for the June 23, 2006 hearing.

. Defendant does not dispute that his failure to appear on June 23, 2006 interrupted prescription.