JAMES F. McKAY III, Chief Judge.
hThe State of Louisiana appeals the trial court’s judgment granting Gina LeBlanc’s motion to quash. Finding merit to the State’s argument, we reverse the trial court judgment and remand the matter for further proceeding consistent with this opinion.
STATEMENT OF CASE
On April 26, 2005, Gina LeBlanc (“defendant”) was charged by bill of information with the theft of a dog valued at an amount greater than five hundred dollars, a violation of La. R.S. 14:67.2.[1] On May 11, 2005, the defendant entered a plea of not guilty. On June 17, 2005, the defendant appeared with counsel for a hearing on motions. The matter was continued by the trial court and the defendant was notified in open court to appear for hearings on July 28, 2005. Although counsel for the defendant made an appearance at the July 18, 2005 hearing date, the defendant failed to appear. The hearing was ultimately continued on joint motion, the hearing was continued. On August 11, 2005, a status hearing was reset due to the court’s closure that day.
ls>On May 30, 2006, more than nine months later and after Hurricane Katrina,' a status hearing was set for June 29, 2006, and notice was sent to the defendant. The defendant failed to appear on June 29, 2006. The trial court issued an alias capi-as and continued the matter without date. On October 14, 2014, the defendant appeared in court for a pre-trial conference, and the trial court recalled the alias capi-as.
On November 12, 2014, the defense filed a motion to quash arguing that the prescriptive period for which the prosecution had to institute trial had expired. On November 18, 2014, the trial court granted the defendant’s motion to quash. The State moved for an appeal.
*1220 STATEMENT OF FACT
Both parties concede that the underlying facts are irrelevant to the instant appeal. However, the New Orleans Police Department (“NOPD”) gist sheet indicates that the defendant stated that she took the alleged victim’s dog out of concern that it was not being properly cared for. The defendant stated that she gave the dog to a friend and was no longer in possession of it.
ASSIGNMENT OF ERROR
In its sole assignment of error, the State contends that the trial court erred in granting the defendant’s motion to quash. The State asserts that the time limitations to commence trial were interrupted when the defendant failed to appear in court after having received notice to appear and ran anew upon the re-appearance of the defendant in court.
DISCUSSION
appellate court reviews a trial court’s ruling on a motion to quash utiliz-utilizan abuse of discretion standard. The discretion of the trial court is not ladisturbed absent a clear abuse because the complementary role of trial courts and appellate courts demands that deference be given to a trial court’s discretionary decision. An appellate court is allowed to reverse a trial court judgment on a motion to quash only if that finding represents an abuse of the trial court’s discretion. State v. Tran, 12-1219, p. 2 (La.App. 4 Cir. 4/24/13), 115 So.3d 672, 673; State v. Williams, 12-0110, p. 2 (La.App. 4 Cir. 10/10/12), 101 So.3d 533, 534; State v. Love, 00-3347, pp. 9-10 (La.5/23/03), 847 So.2d 1198,1206.
1198, 1206. motion to quash may be asserted on the grounds that the time limitation for the institution of trial has expired. La.C.Cr.P. art. 532(A)(7). At the time of the alleged crime, theft of an animal valued greater than five hundred dollars carried a sentence of not more than ten years at hard labor; thus, it is a non-capital felony. La. R.S. 14:67.2 (2005); La.C.Cr.P. art. 933(3). The prosecution had two years from the date of the institution of prosecution to bring it to trial. La.C.Cr.P. art. 578. The bill of information was filed on April 26, 2005, so the prosecution had until April 26, 2007 to commence trial. However, this time period is interrupted when the following conditions exist:
(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.
La.C.Cr.P. art. 579(A) (emphasis added).
|4The time period begins to run anew from the date that the cause of the interruption ceases to exist. La.C.Cr.P. art. 579(B). Specific provisions govern when the defendant fails to appear in court, which is the case in the instant matter:
If the defendant fails to appear in court pursuant to any provision of this Article and the defendant is subsequently arrested, the periods of limitations established by Article 578 of this Code shall not commence to run anew until the defendant appears in person in open court where the case on the original charge is pending, or the district attorney prosecuting the original charge has notice of the defendant’s custodial location. For purposes of this Paragraph, “notice” shall mean either of the following:
*1221 (1) Filing in the court record by either the defendant or his counsel advising the court of.his incarceration with a copy provided to the district attorney and certification of notice provided to the district attorney.
(2) Following the seventy-two hour hearing provided by Article 230.1 of this Code, actual notice of arrest is provided to the district attorney and filed in the record of the proceeding of which the warrant against the defendant was issued.
La.C.Cr.P. art. 579(C). (emphasis added).
When the defense has brought a meritorious motion to quash, the State is saddled with a heavy burden to show that either interruption or suspension of prescription has prevented expiration. State v. Major, 2013-1139, p. 4 (La.App. 4 Cir. 4/9/14), 140 So.3d 174, 177 (quoting State v. Rome, 93-1221 (La.1/14/94), 630 So.2d 1284, 1286).
The State argues that the defendant’s failure to appear on July 28, 2005, subsequent to being notified in open court on June 17, 2005, interrupted prescription, and that her appearance on October 14, 2014 triggered prescription to run anew. The underlying case resembles State v. Jones, 2013-1216 (La.App. 4 Cir. 5/7/14), 144 So.3d 1092. There, the defendant was notified in open court of a scheduled hearing and subsequently failed to appear. This Court found that a | ¡(minute entry indicating that defendant had received notice in open court of a scheduled hearing was sufficient to prove actual notice. Jones, 2013-1216, p. 6, 144 So.3d at 1096 (citing State v. Green, 2011-0094, p. 5 (La. App. 4 Cir. 8/31/11), 72 So.3d 949, 952). Considering that the defendant missed a court date of which he had received actual notice, this Court found that prescription was interrupted the day he failed to appear. Id. at p. 9, at 1097.[2]
record in the underlying case demonstrates that the defendant was pres-presin court on June 17, 2005, evidenced by the docket master entry and minute entry for that day. The docket master entry reads: “HEARING ON MOTIONS SET FOR 7/28/05 > DNOC.” The minute en-enstates that the defendant was present in open court and received notice of the July, 28, 2005 court date. The defendant . then failed to appear on July 28, 2005. The docket master and minute entry from that date state that defense counsel ap-apwithout the defendant, and the minute entry states that the defendant did not appear. As was the case in Jones, and pursuant to La.C.Cr.P. art. 579(A)(3), the defendant’s failure to appear on July 28, 2005, after she received actual notice inter-interprescription.
The court subsequently issued an alias capias when the defendant failed to appear on July 27, 2006. The defendant did not appear in court until October 14, 2014. The defendant’s appearance on October 14, 2014, caused prescription to begin to run anew under La.C.Cr.P. art. 579(C). Therefore, prescription has not run, and the State has two years from October 14, 2014 to commence trial. La.C.Cr.P. art. 578.
| ¡¡Conversely, the defendant maintains that the defendant’s counsel may have waived her presence on July 28, 2005. The defendant bases her waiver argument on the assertion that Orleans Parish Criminal District Court section “C” routinely allows attorneys to appear and waive their *1222 clients’ presence. The defendant argues that the state’s failure to request an alias capias on July 28, 2005, the day the defendant failed to appear, evidences that the trial court allowed counsel to waive defendant’s presence. The joint continuance, the defendant argues, further indicates that the trial court allowed counsel to waive defendant’s presence.
Neither the docket master nor minute entries indicate that defendant’s counsel waived her presence at the July 28, 2005 hearing. The defendant’s arguments are insufficient to prove that her presence was waived.
CONCLUSION
The defendant’s failure to appear on July 28, 2005, subsequent to being notified in open court on June 17, 2005, interrupted prescription, and her appearance on October 14, 2014 triggered prescription to run anew. The State, then, has until October 14, 2016 to initiate trial. Accordingly, prescription has not run, and the trial court abused its discretion in granting the motion to quash.
Accordingly, we reverse the trial court’s judgment and remand the matter for further proceedings.
REVERSED AND REMANDED.

. As defendant points out in her brief, La. R.S. 14:67.2 was repealed in 2014 and opines that the offense may now be classified as a misdemeanor. However, this is irrelevant, because the law at the time the alleged crime was committed governs the case.

. The Jones Court ultimately found that prescription had run after the state failed to initiate trial within two years after defendant re-appeared in court, which triggered prescription to run anew.