Judge EDWIN A. LOMBARD.
|,The State appeals the district court judgment of March 11, 2015, granting the motion to quash filed on behalf of the defendant, Sheyla Barahona.
After review of the record in light of the applicable law and arguments of the parties, the district court judgment granting the defendant’s motion to quash is affirmed.

Relevant Facts and Procedural History

On January 20, 1994, the defendant was arrested with her co-defendant, Xiomara Alonzo, for theft from Mervyn’s, a department store located in New Orleans, Louisi *193 ana. Both defendants were charged. by bill of information filed on February. 9, 1994, with one count of theft of goods, valued at one hundred dollars or more, but less than five hundred dollars, in violation of La.Rev.Stat. 14:67.1o.[1] On the same date, the district court issued an alias capias for the defendant’s arrest with a bond set in the amount of three thousand dollars.
Arraignment was initially set for February 25, 1994, but the defendant failed to appear in court because she was not served with notice of arraignment. Arraignment was reset for March 4, 1994, and the defendant again failed to appear 1 ¡¡for arraignment. Due to the defendant’s failure to appear in court for arraignment, the trial court issued an alias capias for her arrest and reset the arraignment three more times. On April 25, 1994, the defen-, dant’s bond was forfeited. The defendant subsequently failed to appear for status hearings on May 1, 2008 and June 6, 2008, and the matter was continued without date.
On October 21, 2014, the defense counsel filed a motion to quash the bill of information, and a hearing was set for January 20, 2015. On that date, the defense counsel appeared in court without the defendant and waived her presence. The hearing was reset for March 11, 2015. On that date, the trial court granted the defendant’s motion to quash.
The State appeals this judgment.

Standard of Review

The district court decision to grant a motion to quash is a discretionary one and on review shall be given “great” deference. State v. Thomas, 2018-0816, pp. 67 (La.App. 4 Cir. 3/19/14), 138 So.3d 92, 97, writ denied, 2014-0807 (La.11/14/14), 152 So.3d 878.

Discussion

The State argues that the district court abused its discretion in granting-the defendant’s motion to quash the bill of information, thereby dismissing the charge against the defendant because: (1) the defendant was impermissibly absent at the hearing on the motion to quash; and (2) the time limitations to commence trial were interrupted and remain interrupted.
| ¡¡La. Code Crim. Proc. art. 578(A)(2) provides that no trial shall be commenced in non-capital felony cases after two years from the date of institution of the prosecution. Thus, pursuant to Article 578(A)(2), the State had until February 9, 1996 to bring the defendant to trial.
Pursuant to La.Code Crim. Proc. art. 532(7) a motion to quash is the proper procedural vehicle for challenging the State’s untimely commencement of trial. “[Ojnce a defendant asserts a facially meritorious motion to quash based on a failure to timely commence trial, the district attorney ‘bears the heavy burden’ of showing that the running of this prescriptive period was interrupted.” State v. Bobo, 2003-2362, p. 4 (La.4/30/04), 872 So.2d 1052, 1055 (citation omitted). Generally, this burden of proof requires the State to exercise due diligence in- discovering the whereabouts of the defendant as well as in taking the appropriate steps to secure his presence for trial once he has been found. State v. Jones, 2013-1216, p. 5 (La.App. 4 *194 Cir. 5/7/14), 144 So.3d 1092, 1095 (citation omitted).
In this case, the State first argues that the judgment granting the defendant’s motion to quash is not valid because the defendant was required to be present at the hearing in accordance with La.Code Crim. Proc. art. 831(A) because the hearing constituted a trial at which the trial court rendered a verdict or judgment. The gist of the State’s argument is that because: (1) the defendant was charged with a felony offense; (2). evidence was presented at the hearing on the motion to quash; (3) the trial court weighed said evidence; and (4) the trial court rendered a final judgment on the motion to quash, the provisions of Article 831are applicable and defendant’s presence at the hearing on the motion to quash could not be waived.
First, the State’s reliance on La.Code Crim. Proc. art. 831(A) to support this argument is misplaced. That article provides in pertinent part:
14A. Except as may be provided by local rules of court in accordance with Articles 522 and 551, a defendant charged with a felony shall be present:
⅜ * #
(4) At all times during the trial when the court is determining and ruling on ihe admissibility of evidence;
⅜ ⅜
6) At. the rendition of the verdict or judgment, unless he voluntarily absents himself. ■-
La.Code Crim. Proc. art. 831(A) (emphasis added).[2]
Moreover there is no merit in the State reasoning that, because La.Code Crim. Proc. art. 537 provides that “[a]ll issues, whether of law or fact, that arise on a motion to quash shall be tried by the court without a jury,”' the legislature intended there to be a bench trial-for all issues that arise on a motion to quash. While it is true that the defense counsel presented evidence at the hearing on the motion to quash and the trial court rendered a judgment granting said motion, a motion hearing is not analogous to a bench trial. - A motion to quash is simply a request to nullify or void an action such as the bill of information in this case. See Black’s Law Dictionary, 1278 (8th ed.2004)v The Louisiana Code of Criminal Procedure categorizes motions to quash as “Pretrial Motions” and La.Code Crim. Proc. art. 531 defines the nature of a motion to quash as:
All pleas or defenses raised before trial, other than mental incapacity to proceed, or pleas of “not guilty” and of “not guilty and not guilty by reason of insanity^” shall be urged by a motion to quash.
(Emphasis added).
|fiIn addition, La.Code Crim. Proc. art. 535 provides in pertinent part:
A. A motion to quash may be filed of right- at afiy time before commencement of the trial, when based on the ground that:
⅜ $ ⅜
(4) The time limitation for the institution of prosecution has expired.
⅜ ‡ ⅜
B. A motion to quash on the ground that the time limitatión for commence *195 ment of trial has expired may be filed at any time before commencement of trial.
In turn, La.Code Crim. Proc. art. 834 provides in part that “[t]he defendant has a right to be present, but his presence is not essential to the validity of any of the following proceedings in a criminal prosecution: (1) The making, hearing of, or ruling on a preliminary motion or application addressed to the court ...” (emphasis added).
Thus, because a motion to quash is a plea or defense that must be raised before trial, the defendant’s presence was not essential to the determination of whether the time limitation for commencement of trial had expired. Therefore, her absence from the hearing does not implicate the validity of the district court ruling. Therefore, we find no abuse of discretion in the district eourt judgment granting the defendant’s motion to quash.
Next, the State also argues that district court erred in granting the motion to quash because in accordance with La. Code Crim. Proc. art. 579, the two-year time limitation was interrupted and remains so. That article provides:
A. The period of limitation established by Article 578 shall be interrupted if:
(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
h(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or •
(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.
La.Code Crim. Proc. art. 579(A).
The State, apparently relying upon Subsection (A)(2) of Article 579, argues that because the defendant’s presence could not be obtained for arraignment despite several attempts to' serve the defendant with notice, the two year time period remains interrupted pursuant to La.Code Crim. Proc. art. 579(B) because the defendant has yet to appear in court for any proceeding.[3] In addition, the State'suggests that the defendant failed to comply with provisions of La.Code Crim. Proc. art. 322 which required her to provide a. proper address for service of process and file a written, declaration if such an address were to change.
That article provides in pertinent part:
A. The defendant and personal surety signing a bail bond shall write the address at which each can be served 'under their respective signatures and the last four digits of their social security number ...
B. Each address provided pursuant to Paragraph A of this Article shall be conclusively presumed to continue for all proceedings on the bond until the party providing the address changes it by filing a written declaration in the proceeding for which the bond was filed.
La.Code Crini. Proc. art. 322.
It is indisputable that the two-year time period in which the State had to bring the defendant to trial has prescribed. The record indicates that the State filed the bill of information on February 9,1994, and, as *196 such, pursuant to Article |7578(A)(2), the State had until February 9, 1996 to bring the defendant to trial. Because the State failed to bring the defendant to trial by February 9, 1996, the time limitation prescribed on its face and it is the State’s burden to prove not only that the time period was interrupted or suspended, but also that the State exercised due diligence in discovering the whereabouts of the defendant.
According to the docket master and minute entries, arraignment was initially set for February 25, 1994, but it was noted that service was not made on the defendant. As such, the arraignment was reset for March 4,1994. The docket master and minute entry on February 25, 1994 indicate that service was to be made on the defendant at the last known address. According to the commercial surety bondi when the defendant was released on January 21, 1994, she listed “1228 St. Ferdinand St. 70117 #188” as her address. The comments on notice of arraignment set for March 4, 1994 states: “not an apt., no answer on (2) attempt, return to court service.” The notice of arraignment also indicates that the notice was issued on March 2, 1994 and served on March 3, 1994. There is no indication of a first attempt. The minute entry on March 4, 1994 indicates that the defendant failed to appear in court, an alias capias was issued for her arrest, and the defendant and surety (Lloyds of Louisiana) was to be notified of the bond forfeiture hearing set for March 18, 1994. However, the minute entry on March 18, 1994 indicates that service was not made on either the defendant or the surety, and arraignment was reset for April 4, 1994. While the minute entry on April 4, 1994 does not indicate whether service was made, there is no evidence within the record to indicate or suggest that the State made any attempt to serve the defendant with notice of the April 4, 1994, date. Furthermore, arraignment was reset once 1 smore for April 25, 1994, but there is no evidence in the record to indicate or suggest that the State made attempts to serve the defendant with notice of that date.
The State argues that the time period was interrupted because the defendant could not be successfully served at the address listed on the commercial surety bond. Notably, the State fails to mention that it was successful at serving the co-defendant, Ms. Alonzo, at the same address for an appearance on the same date.
According to the commercial surety bond, Xiomara Alonzo listed “1228 St, Ferdinand 70117 # 188” as her address. Ms. Alonzo was served with notice of a March 4, 1994 hearing to determine counsel, and the comments on the notice indicate that a first attempt was made on March 2, 1994, but there was no answer. On March 3, 1994, a second attempt was made but there was no answer and the notice was left on the door. The minute entry on March 4, 1994, indicates that Ms. Alonzo appeared in court on that date. It is apparent that despite the fact that 1228 St. Ferdinand St. was not an apartment (as both defendants had indicated on their surety bonds), Ms. Alonzo appeared in court on March 4, 1994. These circumstances suggest that the explanation for Ms. Alonzo’s appearance and Ms. Barahona’s non-appearance on the date was due to the fact that the notice addressed to Ms. Alonzo was left on the door while the notice addressed to Ms. Barahona was returned to court service. Thus, the State’s failure to exercise due diligence with regard to discovering the whereabouts of the defendant is evidenced by the State’s contrasting treatment of her co-defendant. Specifically, after two unsuccessful attempts to serve Ms. Alonzo with notice of the hearing, the notice was left on the door at the address listed on *197 her surety bond and Ms. Alonzo appeared at the hearing.
laThe State’s attempt to avoid its own lack of due diligence by arguing that the address listed on the surety bond was not an apartment is inadequate. Moreover, it is noteworthy that the State failed to present any evidence at the motion hearing to meet its burden of proving that the two year period had been interrupted or that due diligence had been exercised in discovering the whereabouts of the defendant. At the hearing on January 20, 2015, the defense counsel stated: “Ms. Barahona was here in 1994 on a tourist visa from Honduras. She was arrested for theft of goods 300 to 500, which at the time was a felony. She was not served and returned pursuant to the tourist visa to Honduras.” At the March 11, 2015 hearing on the motion to quash, the following colloquy took place:
The Court:
So why did I not let your client be here? Is she out of state?
[Defense Counsel]:
She lives out of the country, Your Hon- or.
* * *
The Court:
So did she go at-large?
[Defense Counsel]:
It was set for arraignment on February 25, 1994. The docket master indicates that at that time there was no service of that date on Ms. Barahona. Thereafter, it was reset for March 4th, 1994, for arraignment. The only service attempt in the record on Ms. Barahona is a service attempt that was issued on March 2, 1994, which came back no answer on two attempts.
* * *
[The State]:
Your Honor, the State’s objections to this motion are procedurally based. There has been no actual evidence presented at the witness stand, there have been no exhibits, there’s been nothing put into the court record to support defendant’s motion, merely the defendant’s written motion and his arguments.
The Court:
Do you have any documents attached to your motion? That is a good point.
Jjj* * *
[Defense Counsel]:
At this time, Your Honor, what we’re relying on is the documents that were in the record itself. We have certified copies here from the Clerk’s Office.
* # *
The Court:
Yes. Whát do you have to say about these Exhibits?
[The State]:
Well, Your Honor, obviously the certified minutes from the Court’s record itself are self-authenticating. However, the records provided by the Sheriffs Office are not self-authenticating... .Again, the State’s objections are procedural, that there’s not been sufficient evidence actually presented at a hearing ...
The Court:
It says, “Not an apartment. No answer on two attempts. Return to court service.” Not an apartment, I’m going to quash it. I note your objection.

Conclusion

The district court did not err in granting the defendant’s motion to quash. Although the State objected to the motion, it presented no evidence to the district court to meet its own burden of proving interruption or suspension of the two year time *198 period and- that due diligence was exercised in the efforts to serve the defendant with notice. On this record, it is unclear why the State chose to appeal the dismissal of a case over twenty-years old.
The judgment of the district court is affirmed.
AFFIRMED.

. At the time of the defendant’s arrest and subsequent charge, La.Rev.Stat. 14:67.10 provided that the theft of goods valued at one hundred dollars or more, but less than five hundred dollars was considered a felony offense, and punishable with imprisonment, "with or without hard labor, for not more than two years or may be fined not more than two thousand dollars, or both.”

. As the State points out, a trial is "a formal judicial examination of evidence and determination of legal claims in an adversary pro’ceeding;" a "bench trial” is a trial "before a judge without a jury” at which the judge "decides questions of fact as well as questions of law;” and “final judgment is a court’s last action that settles the rights of the parties and disposes of all issues in controversy,- except for the award of costs ... and enforcement of the júdgment.” See Black’s Law Dictionary, 1543, 859 (8th ed.2004).

. La.Code Crim. Proc. art. 579(B) provides that ”[t]he periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists.”