LOMBARD, J.,
dissents.
[/‘Once a defendant asserts a facially meritorious motion to quash based on a failure to timely commence trial, the district attorney ‘bears the heavy burden’ of showing that the running of this prescriptive period was interrupted.” State v. Bobo, 03-2362, p. 4 (La.4/30/04), 872 So.2d 1052, 1055 (citation omitted). This burden of proof requires, the State to exercise due diligence in discovering the whereabouts of the defendant as well as in taking the appropriate steps to secure his presence for trial once he has been found. State v. Jones, 13-1216, p. 5 (La.App. 4 Cir. 5/7/14), 144 So.3d 1092, 1095 (citing State v. Chad-bourne, 98-1998, p. 1 (La.1/8/99), 728 So.2d 832, 832).
In this matter, the defendant was charged by bill of information on August 19, 2013, with possession of marijuana in violation of La. Rev. Stat. 40:966(E)(3).[1] Arraignment was set for August 29, 2013. However, on that date,. the defendant *275 failed to appear in court, and an alias capias, -without bond, was issued for his arrest. On October 5, 2015, an arrest was filed on the alias capias in Orleans Parish. On October 6, 2015, the defendant appeared in court in Orleans Parish and his defense counsel filed a motion to quash the bill of information due to the | ¿violation of the defendant’s statutory right to a speedy trial.[2] At the conclusion of the hearing, the trial court denied the defendant’s motion to quash.
The defendant subsequently entered a plea of guilty to the marijuana charge pursuant State v. Crosby, 338 So.2d 584 (La.1976)' pursuant State v. Crosby, 338 So.2d 584 (La.1976), reserving his right to appeal ’the denial of his motion to quash. Applicable Law
La. Code Crim. Proc. art. 578(A)(2) provides that no trial shall be commenced in other felony (non-capital) eases after two years from the date of institution of the prosecution.
A motion to quash is the proper procedural vehicle for challenging the State’s untimely commencement of trial. La. Code Crim. Proc. art. 532(7). Pursuant to La. Code Crim. Proc. art. 579(A):
A, The period of limitation established by Article 578 shall be interrupted if:
(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
(2) The defendant.cannot be tried-because of insanity or because his pres-encé for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or (3)The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.

Discussion

On appeal, the defendant asserts that the -trial court abused its discretion in denying his motion to quash the bill of information due to prescription because the State of Louisiana failed to establish that prescription of the two year time period had been interrupted or suspended. Essentially, ' the defendant argues that the State could not meet its heavy burdén of proving that the two-year time period provided | sin Article 578 had been interrupted because the defendant had not received actual notice of the August 29, 2013- arraignment date, and the State failed to exercise due diligence'in discovering the defendant’s whereabouts.
In response, the State asserts that, because the defendant was picked up on a warrant in Texas, that was a fugitive from both Louisiana and Texas. This argument fails, .however, because under La.,- Code Crim..Proc. art, 579(A)(1) the State must prove that the defendant fled the state, absented himself from the state or his usual abode within the state, with the purpose of avoiding detection, apprehension, or prosecution. There is - no evidence in the record to indicate or suggest that the defendant fled Louisiana, was absent from Louisiana, or absent from his usual place of abode in Louisiana for the purpose of avoiding detection, apprehension, or prosecution, especially because the defendant did not have a bond obligation and there is no evidence he was even aware the charge against him was reinstituted in August 2013. -
The State also argues that the two-year time period was interrupted' because the *276 defendant entered into a diversion program and that such entry interrupts prescription. This argument is irrelevant, however, because the motion to quash and instant appeal are based on the bill of information filed on August 19, 2013, after the defendant’s participation in the diversion program.
The State’s attempt to prove that the defendant was served with notice of the August 29, 2013 arraignment date also fails. The record evidence indicates that the subpoena was addressed to “1916 Ma-zant Street, New Orleans, LA 70117” and comments on the subpoena state, “male stated subject moved.” Thus, it is evident that the defendant was not served. Moreover, according to the docket master and minute entries, the subpoena was the State’s only attempt to serve the defendant with notice of the August 29, 2013 arraignment.
|4The State also details several facts which the trial court purportedly relied upon in denying the defendant’s motion to quash. Particularly, the State alleges that the trial court: (1) was aware of the defendant’s outstanding warrant from Texas; (2) was aware that the defendant entered and failed out of diversion; and (3) found that the defendant signed a waiver in order to enter diversion that waived prescription. The State further alleged that, at the October 6, 2015 hearing, the defense counsel stated that the waiver of prescription “typically happens.”
However, the State misrepresents the record which is limited in facts and evidence. There is no evidence in the record to reflect that the trial court was aware that the defendant had an outstanding warrant from Texas. Likewise, the trial court did not “find” that the defendant signed a waiver of prescription when he entered the diversion program because the trial court did not provide any reasons for denying the defendant’s motion to quash.
The transcript of the October 6, 2015 hearing reads:
[Counsel for the State]:
Your Honor, Mr. Brown failed to appear for his arraignment on August 29, 2013. This case is a Diversion re-institution. He failed out of Diversion.
The Court:
Good morning, Mr. Brown.
The Defendant:
How you doing?
The Court:
All right. So, you were charged with one count of Possession of Marijuana, Third Offense. Apparently, you went into the DA’s Office Diversion Program, and failed out of the Diversion Program. So they re-filed these same charges against you.
[[Image here]]
[Defense Counsel]:
... Your Honor, I filed a Motion to Quash. The case was — the Bill of Information in this case was filed at origin in August 19, 2013. It’s been more than two years since the institution of prosecution.
And we’re filing on that basis. It’s my interpretation of the law, there is no Bond obligation for Mr. Brown.
| ¿However, it is my understanding, also, that since he had been in Diversion previously, that he had possibly waived prescription. And that’s typically what happens.
Since I wasn’t the lawyer on that, and don’t have the transcript, I’m filing this just in an abundance of caution, just to preserve his record. And just ask for a ruling on that, Your Honor.
[[Image here]]
Ruling
*277 The Court:
All right. I’ve had the opportunity to review the Motion to Quash the Bill of Information filed by [defense counsel]. And I deny the Motion to Quash.
Based upon the hearing transcript, it is evident that the trial court misunderstood the basis of the defendant’s motion to quash. Notwithstanding the fact that the subject of diversion is immaterial here, it is apparent that the subject became the focal point of the hearing. Nevertheless, contrary to the State’s contention, the defense counsel stated that the defendant possibly waived prescription, and he was filing the motion to quash to preserve the record. The trial court seemingly relied upon the facts that the defendant entered into the diversion program and failed, along with the assumption that he waived prescription in denying the motion to quash.
The defendant entered into the diversion program as a result of the first bill of information filed prior August 19, 2013. It was only after the defendant failed to complete the program that the State re-instituted charges against the defendant by filing the August 19, 2013 bill of information. The defense counsel clearly stated during the October 6, 2015 hearing that the basis of the motion to quash was that it had been more than two years since the institution of prosecution (the August 19, 2013 bill of information). Therefore, the trial court should have considered only evidence relevant to the August 29, 2013, bill of. information. In | r,doing so, the trial court' should have recognized that the State’s arguments and evidence in support thereof were weak. Because the State made one attempt to serve the defendant with notice of the August 29, 2013 arraignment date, which was unsuccessful, it cannot be said that the State exercised due diligence in discovering the defendant’s whereabouts.
Because the State has a heavy burden of showing that the two-year time period was interrupted but failed to provide evidence that the defendant fled the state, was absent from the state, or his usual place of abode with the purpose of avoiding detection, apprehension, or prosecution, or that the defendant’s presence could not be obtained by legal process, the State failed to meet its burden of proof.
Finally, the State argues in its appellee brief that in accordance with Crosby, the defendant was required to specify which pre-trial rulings he.sought to reserve for appeal. However, counsel for the defendant clearly specified at the October 6, 2015, hearing that he was reserving his right to appeal the trial court’s denial of his motion to quash, stating:
Given the denial of the Motion to Quash, Mr. Brown is going to withdraw the prior plea of Not Guilty. Enter a plea of Guilty as charged.
It’s my understanding that Mr. Brown is a No Bill. And pursuant to conversation with the Court, the Court is permitting Mr. Brown to plead under Crosby, preserving his right regarding the Motion to Quash, to appeal that issue, if he chooses to do that down the line.
Additionally, the motion for Crosby appeal and designation of the record specifically indicate that “the appeal is based on any pretrial rulings, but in particular the denial of the defense Motion to Quash.” Based upon this evidence, it is clear that the defendant properly reserved his right to appeal the trial court’s denial of the motion to quash, while simultaneously entering a plea of guilty during the October 6, 2015 hearing. Therefore, the State’s argument is without merit.
*278 | ^Conclusion
Although the defendant initially enrolled into the District Attorney’s Office diversion program and. subsequently failed to complete’ the program,-such, a, fact, concerns the first bill of information only and is not an issue with regard to the bill of information filed on- August 19, 2018. The State was obligated to commence trial within two years of that date, August 19, 2015. The State failed to do so and, subsequently failed to meet its “heavy burden” of showing that the prescriptive period had been interrupted. I do riot agree that the State should be given another “bite of the apple.” This appeal should be determined on the record before us and, accordingly, the judgment of the trial court denying the defendant’s motion to quash must be reversed. Accordingly, T respectfully dissent.

. According to the bill of information, the defendant was previously convicted of possession of marijuana in case numbers 476-929 "M-2” and 486-830 "M-2.”

. Although the caption of the motion to quash included the words "constitutional and statutory rights,” the defendant's argument was limited to the statutory right to a speedy trial.